UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
FIGUEIREDO FERRAZ CONSULTORIA E
ENGENHARIA DE PROJETO LTDA.,

                Plaintiff,

-against-

THE REPUBLIC OF PERU, MINISTERIO DE
VIVIENDA, CONSTRUCCION Y SANEAMIENTO, and
PROGRAMA AGUA PARA TODOS (PAPT) (successor
by integration to PROGRAMA DE APOYO A LA
REFORMA DEL SECTOR SANEAMIENTO (PARSSA),
formerly known as PROYECTO ESPECIAL
PROGRAMA NACIONAL DE AGUA POTABLE Y
ALCANTARILLADO (PRONAP)),

                Defendants.
------------------------------------------------------------------- X

No. 08-CV-0492 (WHP)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

# TABLE OF CONTENTS

PROCEDURAL HISTORY ................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I. THE COURT SHOULD CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) ................................................................. 3

        A. The Order Raises Controlling Questions of Law ............................................ 4

        B. There is a Substantial Difference of Opinion on the Controlling Questions of Law ....... 5

            1. Forum Non Conveniens ............................................................................ 6

            2. Forum Selection Clause ............................................................................ 7

            3. Comity ....................................................................................................... 8

        C. An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation ................................................................................................ 10

CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**                                                            **PAGE(S)**

*Agudas Chasidei Chabad of U.S. v. Russian Federation,*
  528 F.3d 934 (D.C. Cir. 2008) .................................................................................. 1, 2

*Allstate Life Ins. Co. v. Linter Group Ltd.,*
  994 F.2d 996 (2d Cir. 1993) ....................................................................................... 10

*Apostol v. Gallion,*
  870 F.2d 1335 (7th Cir. 1989) ..................................................................................... 3

*Bay Casino, L.L.C. v. M/V Royal Empress,*
  No. 98 CV 2333 (SJ), 1998 WL 566772 (E.D.N.Y. Aug. 21, 1998) ......................... 10

*Boeing Company v. Egyptair,*
  No. 05-5986, 2007 WL 1315716 (2d Cir. May 7, 2007) ............................................ 2

*Cavlam Bus. Ltd. v. Certain Underwriters at Lloyd's, London,*
  No. 08 Civ. 2225 (JGK), 2009 WL 667272 (S.D.N.Y. Mar. 16, 2009) ...................... 7

*City of New York v. Beretta U.S.A.,*
  234 F.R.D. 46 (E.D.N.Y. 2006) ................................................................................... 3

*Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.,*
  --- F.Supp.2d ----, No. 00 Civ. 7677 (JSR), 2009 WL 2851286
  (S.D.N.Y. Sep. 8, 2009) ............................................................................................... 9

*Consub Del. LLC v. Schahin Engenharia Limitada,*
  476 F. Supp. 2d 305 (S.D.N.Y. 2007) ......................................................................... 5

*Effron v. Sun Line Cruises, Inc.,*
  67 F.3d 7 (2d. Cir. 1995) ............................................................................................. 4

*Energy Transport, Ltd. v. M.V. San Sebastian,*
  348 F. Supp. 2d 186 (S.D.N.Y. 2004) ......................................................................... 8

*Flex-N-Gate Corp. v. Wegen,*
  No. 08 Civ. 2502 (LLS), 2008 WL 5448994 (S.D.N.Y. Dec. 29, 2008) .................... 7

*Ford v. Brown,*
  319 F.3d 1302 (11th Cir. 2003) ................................................................................... 4

*In re Del-Val Financial Corp. Securities Litigation,*
  874 F.Supp. 81 (S.D.N.Y. 1995) ................................................................................. 4

*In re South African Apartheid Litigation*,
624 F. Supp. 2d 336 (S.D.N.Y. 2009)....................3

*Kenner Products Co. v. Societe Foncieret*,
532 F.Supp. 478 (S.D.N.Y. 1982) ....................10

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir. 1990)....................4, 5

*Monegasque de Reassurances S.A.M. v. Nak Naftogaz of Ukraine*,
311 F.3d 488 (2d Cir. 2002)....................5, 6, 7

*Monegasque de Reassurances S.A.M. v. Nak Naftogaz of Ukraine*,
158 F. Supp. 2d 377 (S.D.N.Y. 2001)....................5, 6

*Norex Petroleum Ltd. v. Access Indus., Inc.*,
416 F.3d 146 (2d. Cir. 2005)....................6

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*,
506 U.S. 139 (1993)....................2

*Rein v. Socialist People's Libyan Arab Jamahiriya*,
162 F.3d 748 (2d Cir.1998)....................2, 3

*Reino De Espana v. ABSG Consulting, Inc.*,
No. 08-0579-cv (L), 08-0754-cv, 2009 WL 1636122 (2d Cir. June 12, 2009) ....................10

*Republic of the Philippines v. Pimentel*,
128 S. Ct. 2180 (2008)....................9

*Spanski Enterprises Inc. v. Telewizja Polska, S.A.*,
No. 07 Civ. 930 (GEL), 2007 WL 1187870 (S.D.N.Y. Apr. 23, 2007) ....................8

*Suozzo v. Bergreen*,
No. 00 Civ. 9649 (JGK), 2003 WL 256784 (S.D.N.Y. Feb. 5, 2003)....................3

*Texas Trading & Milling Corp. v. Federal Republic of Nigeria*,
647 F.2d 300 (2d Cir. 1981)....................3

*TMR Energy Ltd. v. State Prop. Fund of Ukraine*,
411 F.3d 296 (D.C. Cir. 2005)....................6

*Travelers Ins. Co. v. Keeling*,
996 F.2d 1485 (2d Cir. 1993)....................8

*Travelers Ins. Co. v. Keeling*,
91 CIV. 7753 (JFK), 1993 WL 18909 (S.D.N.Y 1993)....................8

*Ungar v. Palestine Liberation Org.*,
402 F.3d 274 (1st Cir. 2005)....................3

*U.S. Fidelity and Guar. Co. v. Braspetro Oil Services, Co.*,
  199 F.3d 94 (2d Cir. 1999) ..................................................................................... 1, 2

*Van Cauwenberghe v. Biard*,
  486 U.S. 517 (1988) .................................................................................................. 4

## STATUTES

9 U.S.C. § 205 ................................................................................................................. 8

28 U.S.C. § 1605 ............................................................................................................. 2

28 U.S.C. § 1291 ........................................................................................................ 1, 11

28 U.S.C. § 1292(b) ................................................................................................ passim

28 U.S.C. §§ 1602 *et seq.* ............................................................................................... 1

## OTHER AUTHORITIES

16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3930 (2d
  Ed. 1996) ................................................................................................................ 4, 5

Note, *Interlocutory Appeals in The Federal Courts Under 28 U.S.C. § 1292(b)*, 88
  Harv.L.Rev. 607, 609-11 (1975) .......................................................................... 10, 11

Defendants Republic of Peru (the "Republic"), Ministerio de Vivienda, Construccion y Saneamiento (the "Ministry"), and Programa Agua Para Todos ("PAPT") (successor by integration to Programa de Apoyo a la Reforma del Sector Saneamiento, formerly known as Proyecto Especial Programa Nacional de Agua Potable y Alcantarillado) (collectively, "Defendants") hereby move, pursuant to 28 U.S.C. § 1292(b), for certification of an interlocutory appeal of that portion of the Court's Memorandum and Order dated September 8, 2009 denying Defendants' Motion to Dismiss based on *forum non conveniens*, comity and the existence of a forum selection clause.

## PROCEDURAL HISTORY

Plaintiff commenced this action on January 22, 2009, seeking enforcement of an arbitral award against the Republic and the Ministry. Defendants moved to dismiss the action, advancing several grounds for dismissal. On September 8, 2009, this Court issued a Memorandum and Order (the "Order") denying Defendants' motion. The first and second bases for dismissal, immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, and lack of personal jurisdiction, are appealable as of right under 28 U.S.C. § 1291.[1] *See U.S. Fidelity and Guar. Co. v. Braspetro Oil Services, Co.*, 199 F.3d 94, 96-7 (2d Cir. 1999) (holding that denial of motion to dismiss premised on FSIA is immediately appealable pursuant to the collateral order doctrine and that personal jurisdiction was "inextricably intertwined" with sovereign immunity issue); *see also Boeing Co. v. Egyptair*, No. 05-5986-CV, 2007 WL 1315716, at *1-2 (2d Cir. May 7, 2007) (same).

While Defendants maintain that those portions of the Order denying Defendants' Motion to Dismiss on grounds of *forum non conveniens*, comity and the existence of a forum selection clause are similarly appealable under 28 U.S.C. § 1291 as issues "inextricably intertwined" with

---

[1] On September 18, 2009, Defendants filed a notice of appeal pursuant to 28 U.S.C. § 1291.

-1-

the questions of personal and subject matter jurisdiction, *see Agudas Chasidei Chabad of U.S. v. Russian Federation*, 528 F.3d 934, 950 (D.C. Cir. 2008) (exercising pendent jurisdiction over *forum non conveniens* claim in case involving foreign sovereign immunity), to avoid any dispute on this issue and to ensure that judicial economy is served by avoiding piecemeal appellate practice, Defendants now seek to have the remaining issues certified pursuant to 28 U.S.C. § 1292(b).

## ARGUMENT

It is well-settled that a denial of a motion to dismiss on grounds involving immunity is appealable under the collateral order doctrine. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) (holding that state entities claiming immunity under Eleventh Amendment may take advantage of collateral order doctrine to appeal a district court order denying motion to dismiss); *Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998) (holding that denial of motion to dismiss based on sovereign immunity qualifies for collateral order review). Courts in this Circuit have also held that "questions regarding minimum contacts for personal jurisdiction purposes and commercial contacts for FSIA purposes [are] inextricably intertwined." *U.S. Fidelity and Guar. Co. v. Braspetro Oil Services, Co.*, 199 F.3d 94, 97 (2d Cir. 1999); *Boeing Company v. Egyptair*, No. 05-5986, 2007 WL 1315716, at *2 (2d Cir. May 7, 2007).

While personal jurisdiction in the instant case was premised upon the arbitration exception to foreign sovereign immunity codified at 28 U.S.C. § 1605(6), rather than the commercial activity exception contained in 28 U.S.C. § 1605(a)(2), the District Court's determination that PAPT and the Ministry do not have a legal existence separate from the Republic was determinative with regard to both subject matter and personal jurisdiction. (Order at 14-15) ("[T]he FSIA makes the statutory aspect of personal jurisdiction simple: subject matter

jurisdiction plus service of process equals personal jurisdiction.") (citing *Texas Trading & Milling Corp. v. Federal Republic of Nigeria*, 647 F.2d 300, 308 (2d Cir. 1981)). Thus, the two inquiries are "inextricably intertwined" and, as such, the Court of Appeals has jurisdiction over both issues.

If the appeal on Defendants' remaining grounds for dismissal is subjected to a different, and later timetable, there is a risk that the Defendants will be forced to undertake – and the courts to entertain - two costly appeals to determine issues that are better decided collectively. And because the appeal on the issue of the Court's subject matter jurisdiction divests this Court of jurisdiction to proceed with the remaining issues while the appeal is pending,[2] delayed review of those issues will protract the entire litigation. Thus, considerations of judicial economy favor a grant of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See, e.g.*, *Suozzo v. Bergreen*, No. 00 Civ. 9649(JGK), 2003 WL 256784, at *3 (S.D.N.Y. Feb. 5, 2003) ("[T]he institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b).").

## I. THE COURT SHOULD CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Interlocutory review is available under 28 U.S.C. § 1292(b) where the order in question (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *In re South African Apartheid Litigation*, 624 F.Supp.2d 336, 339 (S.D.N.Y. 2009). Interlocutory review is a particularly appropriate vehicle for the determination of threshold issues that may affect the entire case. *See*

---

[2] *See Rein*, 162 F.3d at 756, ("A sovereign that is required to litigate a case on the merits before it can appeal the assertion of jurisdiction over it has not been afforded the benefit of the immunity to which it is entitled." ); *see also Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 293 (1st Cir. 2005) (appeal based on immunity "ordinarily divests the district court of jurisdiction to proceed with the litigation pending its resolution"); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one"); *City of New York v. Beretta U.S.A.*, 234 F.R.D. 46, 51 (E.D.N.Y. 2006) (noting that the district court does not retain jurisdiction over the unappealed portion of the litigation in cases involving immunity).

16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3930 (2d Ed. 1996).

The portions of the Order denying Defendants' Motion to Dismiss based on comity, *forum non conveniens* and the existence of a forum selection clause satisfy all three requirements and therefore justify interlocutory review.

### A. The Order Raises Controlling Questions of Law

A "controlling issue of law" in the context of 28 U.S.C. § 1292(b) "encompasses issues ranging from those that, if the district court's order were reversed on appeal, would terminate an action . . . to those that involve a procedural determination that may importantly affect the conduct of an action." *In re Del-Val Financial Corp. Securities Litigation*, 874 F.Supp. 81, 83 (S.D.N.Y. 1995). Although the resolution of an issue need not necessarily terminate an action in order to be "controlling," it is clear that a question of law is "controlling" if reversal of the district court's order would terminate the action. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990).

Reversal of the Defendants' Motion to Dismiss – whether based on a *forum non conveniens* argument or the existence of a forum selection clause – would result in termination of the action in the district court. Therefore, the Defendants' arguments on these points are included within the category of dispositive issues characterized as controlling issues of law. *See Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d. Cir. 1995) (reviewing order denying defendant's motion to dismiss based on a forum selection clause); *Ford v. Brown*, 319 F.3d 1302 (11th Cir. 2003) (reviewing order denying motion to dismiss on grounds of *forum non conveniens*). Indeed, the Supreme Court has held that denials of motions to dismiss based on *forum non conveniens* are suitable for interlocutory review. *See Van Cauwenberghe v. Biard*,

486 U.S. 517, 530 (1988) ("Section 1292(b) therefore provides an avenue for review of *forum non conveniens* determinations in appropriate cases."). The Second Circuit's holding that a court may dispose of an action through a *forum non conveniens* dismissal before reaching the issue of subject matter jurisdiction underscores the importance of this issue and lends further support to the advisability of interlocutory review here. *Monegasque de Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 497 (2d Cir. 2002) ("*Monegasque II*"), *aff'g*. 158 F. Supp. 2d 377 (S.D.N.Y. 2001) ("*Monegasque I*") (collectively, "*Monegasque*").

Similarly, a determination that the Court is precluded, by principles of international comity, from asserting jurisdiction over this claim would have the effect of terminating this litigation.

## B. There is a Substantial Difference of Opinion on the Controlling Questions of Law

Substantial grounds for difference of opinion tend to occur where "the issues are difficult and of first impression." *Klinghoffer*, 921 F.2d at 25. A substantial ground for a difference of opinion "must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order. *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007). However, the level of uncertainty required should be "adjusted to meet the importance of the question in the context of the specific case." 16 Wright & Miller, *supra*, § 3930. "If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt." *Id.*

### 1. Forum Non Conveniens

While the Defendants do not dispute the Court's application of the well-established *forum non conveniens* test, outlined in *Norex Petroleum, Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d. Cir. 2005), Defendants respectfully submit that there is substantial ground for disagreement with the Court's application of the individual factors that make up this test.

For example, the Court held that Plaintiff's choice of forum was entitled to some deference because the existence of assets in this jurisdiction create a "bona fide connection" to the United States. (Order at 19.) Yet in *Monegasque*, a case cited by the Court on this point, neither the District Court nor the Court of Appeals made any attempt to ascertain whether the defendant had assets in the jurisdiction before determining that no deference was owed to the plaintiff's choice of forum - *despite* conflicting evidence on this point. *Monegasque II*, 311 F.3d at 500; *Monegasque I*, 158 F. Supp. 2d at 386-87. The striking similarity between the factual background in *Monegasque* and the present case supports a finding that reasonable grounds for a difference of opinion exist.

Defendants also submit that the conclusion that Peru is an inadequate alternative forum is an equally debatable proposition. The Court's Order acknowledges that an alternative forum "is ordinarily adequate if the defendants are amenable to service of process there and the forum permits litigation of the subject matter of the dispute." (Order at 20.) Nevertheless, the Court went on to determine that Peru was an inadequate forum because an action brought there would not allow Plaintiff to attach those assets of the Republic that are held in the United States. *Id.* Applying *TMR Energy Ltd. v. State Prop. Fund of Ukraine,* 411 F.3d 296, 303 (D.C. Cir. 2005), the Order seemed to suggest that the existence of assets in the Plaintiff's chosen forum will necessarily defeat a motion to dismiss based on *forum non conveniens* grounds. (Order at 20.) But the *TMR Energy* decision (which actually relied upon the *possibility* that defendant would

-6-

have assets in the chosen forum in the future), appears to be in conflict with *Monegasque II*, which affirmed the vitality of the *forum non conveniens* doctrine in actions to enforce foreign arbitral awards. 311 F.3d at 497.

And while the Court examined the public interest factors from the perspective of the Plaintiff's chosen forum, it omitted from its inquiry any consideration of the proposed forum's interest in resolving the matter. *See Cavlam Bus. Ltd. v. Certain Underwriters at Lloyd's, London*, No. 08 Civ. 2225 (JGK), 2009 WL 667272, at *9 (S.D.N.Y. Mar. 16, 2009) (holding that alternative forum had an interest in resolving dispute that implicated practices of local insurance underwriters); *Flex-N-Gate Corp. v. Wegen*, No. 08 Civ. 2502 (LLS), 2008 WL 5448994, at *5 (S.D.N.Y. Dec. 29, 2008) (granting motion to dismiss on *forum non conveniens* grounds and identifying interest of alternative forum in dispute implicating its national arbitration system). Peru has a highly recognizable interest in adjudicating a dispute that arose out of a Peruvian arbitration and involves an attempt to enforce an arbitral award against the Republic and the Ministry. Because this interest was given no consideration, there is room for disagreement as to whether the private and public interest factors were properly balanced.

### 2. Forum Selection Clause

There is also room for substantial disagreement on the proper deference to be afforded to the arbitration clause contained in the parties' agreement. Defendants do not disagree with the Court's explication that forum selection clauses are a "creature of contract" that must be proven to apply to the particular parties in order to justify dismissal of an action. (Order at 23.) However, there are divergent views in this district with respect to the Court's holding that a forum selection clause must explicitly *preclude* a particular forum in order to prevent a proceeding in a forum other than that designated in the clause.

In *Spanski Enterprises Inc. v. Telewizja Polska, S.A.*, No. 07-Civ.-930 (GEL), 2007 WL 1187870, at *4 (S.D.N.Y. Apr. 23, 2007), for example, the court rejected an argument that a party cannot revoke an agreement to arbitrate without explicitly referencing the arbitration clause in the revoking instrument. The court held that where a later clause covers the same subject matter as an earlier agreement to arbitrate, the second clause is "plainly inconsistent" with the earlier agreement and does not permit the arbitration clause to remain in effect. *Id.* at *5.

This principle is not altered in the context of an international treaty to enforce arbitral awards. In *Travelers Insurance Co. v. Keeling*, 996 F.2d 1485, 1489-90 (2d Cir. 1993), the Second Circuit affirmed the district court's remand of a case involving an arbitration agreement that was clearly subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 205 ("New York Convention").[3] The court below held that the New York Convention's provisions do not preclude a contractual waiver of removal rights, stating that the requirement of an express waiver of the right to arbitrate under the New York Convention would constitute an "unreasonable imposition on the parties' right to contract." *Travelers Ins. Co. v. Keeling*, 91 CIV. 7753 (JFK), 1993 WL 18909, at *5 (S.D.N.Y 1993). When viewed in conjunction, these holdings form a reliable basis for determining that there are substantial grounds for a difference of opinion on this point.

### 3. Comity

Finally, to the extent this Court declined to delve into the issue of comity – whether as a separate analysis or in the context of its *forum non conveniens* determination – there is room for a substantial difference of opinion with regard to that portion of the Order.

---

[3] Pursuant to *Energy Transport, Ltd. v. M.V. San Sebastian*, 348 F. Supp. 2d 186, 198 (S.D.N.Y. 2004) the New York Convention and the Inter-American Convention on International Commercial Arbitration ("Panama Convention") are intended to achieve the same results. Therefore, the *Travelers* holding may be applied to a proceeding brought under the Panama Convention.

There is an abundance of authority on the fundamental role of international comity in the adjudication of disputes that have been (or are being) addressed by the courts of a foreign sovereign. *See, e.g., Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, ---F. Supp. 2d ----, No. 00 Civ. 7677 (JSR), 2009 WL 2851286 (S.D.N.Y. Sep. 8, 2009) (dismissing claim on principles of comity where it would frustrate the priority of claims already established in Peruvian bankruptcy proceeding). Under this principle, United States courts defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States.

The Supreme Court recently affirmed the importance of this principle in *Republic of the Philippines v. Pimentel*, 128 S. Ct. 2180, 2190 (2008), where it held that an action to resolve conflicting claims to assets transferred out of the Republic of Philippines by then-President Ferdinand Marcos could not proceed without the parties, who were immune from jurisdiction under the FSIA. Noting the Republic of Philippines's unique interest in resolving the claims to the assets, the Court stated that "there is a comity interest in allowing a foreign state to use its own courts for a dispute if it has a right to do so." *Id.*

Yet this Court held that in the absence of legal authority for the proposition "that a court with both subject matter and personal jurisdiction over the defendants in an action seeking to enforce an arbitral award pursuant to the [Federal Arbitration Act] should dismiss the action as a means of furthering international comity" it would not dismiss the action on grounds of comity. (Order at 24.) The Court's position, while reasonable under ordinary circumstances, overlooks the fact that the circumstances of the present proceeding are highly unique. Not only does this case involve an attempt to enforce a foreign arbitral award against a foreign sovereign who was not a party to the original action, but payments on the award have been made to Plaintiff in accordance with a statutory scheme established by the foreign government. The Court's

-9-

rejection of the application of comity principles in the absence of factually indistinguishable precedent does not account for the unusual nature of the factual scenario in the instant proceeding.

Moreover, there is ample authority outside the context of the Federal Arbitration Act to demonstrate that the issues of subject matter and personal jurisdiction are separate and distinct from a determination that dismissal is justified on the basis of international comity. *See Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 1000 (2d Cir. 1993) (holding that existence of forum selection clause in agreement did not preclude dismissal on grounds of comity where it was otherwise warranted); *Kenner Products Co. v. Societe Fonciere*, 532 F.Supp. 478, 479-80 (S.D.N.Y. 1982) (holding that choice of venue clause contained in the guaranty at issue did not override concerns of comity and judicial efficiency); *Reino De Espana v. ABSG Consulting, Inc.*, No. 08-0579-cv (L), 08-0754-cv (XAP), 2009 WL 1636122, at *1 (2d Cir. June 12, 2009) (holding that existence of subject matter jurisdiction did not preclude district court from considering whether principles of comity supported discretionary decision not to exercise jurisdiction).

Accordingly, there is ample difference of opinion on issues relating to this Court's determination that an action to bind the Republic and the Ministry to a Peruvian arbitral award being paid in accordance with a Peruvian statute need not be dismissed on a ground of comity.

**C. An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation**

Interlocutory appeals must advance the cause of saving court time. *Bay Casino, L.L.C. v. M/V Royal Empress*, No. 98 CV 2333(SJ), 1998 WL 566772, (E.D.N.Y. Aug. 21, 1998). At least one commentator has argued that the *primary* goal of 28 U.S.C. § 1292(b) is to avoid

unnecessary trial court proceedings. *See* Note, *Interlocutory Appeals in The Federal Courts Under 28 U.S.C. § 1292(b),* 88 Harv.L.Rev. 607, 609-11 (1975).

Indeed, the drafters of the rule noted that "the shortening of the period between commencement of an action and its ultimate termination, together with the avoidance of unnecessary work and expense, are the imperative considerations which impel the committee's recommendation for change in the existing law. *Id.* (citing Judicial Conference of the United States, Report of the Proceedings of a Special Session, March 20-21, 1952, at 203 (published with Judicial Conference of the United States, [1952] Annual Report)).

The instant proceeding illustrates how the legislature's aim of judicial efficiency may effectively be served through discretionary appellate review. The essence of this action is whether the arbitral award may be enforced against the Republic and the Ministry, neither of which were named as parties to the underlying arbitration. Because the Court of Appeal's consideration of the Defendants' appeal on the sovereign immunity and personal jurisdiction issues likely will be dispositive on that issue, immediate review of the remaining grounds for dismissal together with those portions of the Court's ruling that are considered final under 28 U.S.C. § 1291 will advance the ultimate resolution of this case.[4]

---

[4] Defendants contend that the remaining issues are "inextricably intertwined" with the immunity issues for purposes of pendent jurisdiction under 28 U.S.C. § 1291 but alternatively assert that even if they are not, certification pursuant to 28 U.S.C. § 1292(b) is appropriate.

## **CONCLUSION**

For the foregoing reasons, Defendants request that this Court certify those portions of the Memorandum and Order dated September 8, 2009 denying Defendants' Motion to Dismiss based upon *forum non conveniens*, the existence of a forum selection clause and comity pursuant to 28 U.S.C. § 1292(b).

Dated: New York, New York
September 22, 2009

                                          Respectfully submitted,

                                          DORSEY & WHITNEY LLP

                                          By: _____
                                              Juan C. Basombrio (Admitted *Pro Hac Vice*)
                                              Mark S. Sullivan ( MS 5242)
                                          250 Park Avenue
                                          New York, New York  10177
                                          (212) 415-9200

                                          *Attorneys for Defendants*