UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
:
FIGUEIREDO FERRAZ CONSULTORIA
E ENGENHARIA DE PROJETO LTDA., :

           Plaintiff,    :    08 Civ. 492 (WHP)

       -against-    :    MEMORANUDM & ORDER

THE REPUBLIC OF PERU et al.,   :

          Defendants.   :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/09

        Defendants the Republic of Peru, the Ministerio de Vivienda, Construccion y Saneamiento (the Ministry of Housing, Construction and Sanitation of the Republic), and the Programa Agua Para Todos move for certification of an interlocutory appeal of this Court's determinations in its September 8, 2009 Memorandum and Order (the "Order") concerning forum non conveniens, a forum selection clause, and comity. Plaintiff Figueiredo Ferraz Consultoria E Engenharia de Projeto Ltda. ("Figueiredo") does not oppose certification. For the following reasons, Defendants' motion to certify an interlocutory appeal is granted.

## BACKGROUND

        Figueiredo seeks to confirm an arbitration award against the Defendants. Defendants moved to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), lack of personal jurisdiction, forum non conveniens, the existence of a forum selection clause, and comity. This Court denied Defendants' motion. See Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru, No. 08 Civ. 492(WHP),

--- F. Supp. 2d ----, 2009 WL 2981947 (S.D.N.Y. Sept. 8, 2009). Defendants appealed the determination on subject-matter jurisdiction under the FSIA and on the existence of personal jurisdiction.

## DISCUSSION

A district court may certify an order for interlocutory appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); In re South African Apartheid Litig., 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009). Appeal is limited to those instances "where the movant demonstrates the existence of 'exceptional circumstances' sufficient to overcome the 'general aversion to piecemeal litigation.'" In re South African Apartheid, 624 F. Supp. 2d at 339 (citations omitted). A district court should consider judicial efficiency when considering an application for interlocutory appeal. See In re Currency Conversion Fee Antitrust Litig., MDL No. 1409 (WHP), 2005 WL 1871012, at *3 (S.D.N.Y. Aug. 9, 2005). While the decision to certify "is trusted to the sound discretion of the district court," Repub. of Colombia v. Diageo N. Am., Inc., 619 F. Supp. 2d 7, 9 (E.D.N.Y. 2007), the Court of Appeals is free to accept or reject the certified order. 28 U.S.C. § 1292(b). If accepted, the Court of Appeals "'may address any issue fairly included within the certified order,' as 'it is the order that is appealable and not the controlling question identified by the district court.'" Repub. of Colombia, 619 F. Supp. 2d at 9 (citing California Pub. Employees' Retirement Sys. v. WorldCom, Inc., 368 F.3d 86, 95 (2d Cir. 2004)).

This Court's decision regarding <u>forum non conveniens</u>, the forum selection clause, and comity is not immediately appealable. However, those determinations have significant consequences because they involve controlling issues of law which "if . . . reversed on appeal, would terminate" or at least "importantly affect the conduct of [this] action." <u>In re Del-Val Fin. Corp. Sec. Litig.</u>, 874 F. Supp. 81, 83 (S.D.N.Y. 1995) (citation omitted). <u>Forum non conveniens</u>, the existence of a valid forum selection clause, and principles of comity are defenses which, if valid, require dismissal of an action. <u>See</u> <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 249 (1981) ("[D]ismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice."); <u>Effron v. Sun Line Cruises</u>, 67 F.3d 7, 11 (2d Cir. 1995) ("We reverse that portion of the district court's ... opinion and order which rejects application of the forum-selection clause, and we remand that issue to the district court with instructions to dismiss the complaint."); <u>Pravin Banker Assoc., Ltd. v. Banco Popular del Peru</u>, 109 F.3d 850, 854 (2d Cir. 1997) ("Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries.").

An interlocutory appeal would meaningfully advance the ultimate resolution of this litigation. <u>See</u> 28 U.S.C. § 1292(b); <u>S.E.C. v. Credit Bancorp, Ltd.</u>, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000). Although interlocutory appeals are normally disfavored because they create piecemeal litigation, <u>see</u> <u>Credit Bancorp</u>, 103 F. Supp. 2d at 226, that dilemma is not present in this case because Defendants have appealed the FSIA and personal jurisdiction determinations as of right. Thus, certification would avoid piecemeal litigation by permitting the

review of all consequential jurisdictional issues and defenses at one time, if the Court of Appeals agrees to accept certification and consolidate these issues with the pending appeal. See Credit Bancorp, 103 F. Supp. 2d at 226-27 ("The efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case.") (citation omitted) (emphasis added). Providing a final resolution of these issues obviates a protracted litigation that successive appeals could spawn. See Telectroncis Propriety, Ltd. v. Medtronic, Inc., 690 F. Supp. 170 (S.D.N.Y. 1987). Moreover, because the only issue after this appeal would be the straightforward and well-settled process of confirming an arbitral award, see Encyclopedia Universalis S.A. v. Encyclopedia Britannica, 403 F.3d 85, 90 (2d Cir. 2005) (noting that the burden of opposing the enforcement of an arbitral award "is a heavy one"), certification offers the potential for economies of scale that might otherwise be lost in separate proceedings.

This Court observes, as the parties did in their briefing, that the issues presented are not ones on which there is "substantial ground for difference[s] of opinion." In re South African Apartheid, 624 F. Supp. 2d at 341-42. But this defect is not fatal to certification, particularly when other factors strongly counsel in favor of a consolidated appeal. See 16 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3930 (2d ed. 2009) ("The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal."). Overall, the goal of moving this litigation toward a final resolution outweighs this disadvantage.

## CONCLUSION

Accordingly, this Court grants Defendants' motion and certifies for interlocutory appeal those portions of its September 8, 2009 Order that are not already appealable as of right—specifically Sections IV (forum non conveniens), V (forum selection clause), and VI (comity).

Dated: December 15, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Thomas Joseph Hall, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
*Counsel for Plaintiff*

Juan C. Basombrio, Esq.
Dorsey & Whitney LLP
38 Technology Drive
Irvine, CA 92618
*Counsel for Defendants*