DORSEY & WHITNEY LLP
Juan C. Basombrio (Admitted *Pro Hac Vice*)
38 Technology Drive, Suite 100
Irvine, California 92018
(949) 932-3650

Mark S. Sullivan (MS 5242)
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
FIGUEIREDO FERRAZ CONSULTORIA E
ENGENHARIA DE PROJETA LTDA.,

                Plaintiff,

-against-

THE REPUBLIC OF PERU, MINISTERIO DE
VIVIENDA, CONSTRUCCION Y SANEAMIENTO, and
PROGRAMA AGUA PARA TODOS (PAPT) (successor
by integration to PROGRAMA DE APOYO A LA
REFORMA DEL SECTOR SANEAMIENTO (PARSSA),
formerly known as PROYECTO ESPECIAL
PROGRAMA NACIONAL DE AGUA POTABLE Y
ALCANTARILLADO (PRONAP)),

                Defendants.
------------------------------------------------------------------ X

No. 08-CV-0492(WHP)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED
MOTION FOR RE-CERTIFICATION FOR INTERLOCUTORY APPEAL
<u>PURSUANT TO 28 U.S.C. § 1292(b)</u>**

## PRELIMINARY STATEMENT

This unopposed motion seeks to re-certify for interlocutory appeal those matters certified in this Court's December 15, 2009 Memorandum and Order (the "December 15th Order"). As more fully explained below, Defendants seek this re-certification because the clerks of the Court of Appeals are of the view that following the entry of the December 15th Order a petition should have been filed with the Court of Appeals pursuant to 28 U.S.C. § 1292(b). Defendants disagree with that view because this case involves other issues that are already appealable as of right (i.e., sovereign immunity, etc.), and the appeal was perfected by filing a timely Notice of Appeal as to those issues. Nonetheless, out of an abundance of caution, to avoid any such procedural issues on appeal and the risk that the Court of Appeals not have the benefit of the District Court's analysis set forth in the December 15th Order, Defendants file this motion for re-certification in order to petition review also of the pendent issues.

Indeed, while the 10-day period prescribed in § 1292(b) for filing such a petition has passed, the Court of Appeals permits an appellant to subsequently seek re-certification from the District Court and, if granted, thereafter file its petition with the Court of Appeals. *Marisol v. Guiliani*, 104 F.3d 524, 529 (2d Cir. 1997). Therefore, Defendants respectfully request that the Court grant this unopposed motion and re-certify those issues certified for appeal in the December 15th Order. This re-certification aims to accomplish the same objective as the original certification -- "to avoid piecemeal litigation by permitting the review of all jurisdictional issues and defenses at one time." December 15th Order at pp. 3-4.

## STATEMENT OF FACTS

On September 8, 2009, this Court issued an order denying a motion to dismiss made by Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6) and on the grounds that the Court should decline jurisdiction under the doctrine of *forum non*

*conveniens*, or for reasons of international comity (the "Order"). Defendants timely filed a notice of appeal, pursuant to 28 U.S.C. § 1291 (the "Notice of Appeal") on September 18, 2009, appealing from the Order based upon, *inter alia*, sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 -1611. *See* Sullivan Decl. Ex. A. On October 3, 2009, Defendants filed their Civil Appeal Pre-Argument Statement (Form C) stating that appellate jurisdiction was based upon an interlocutory decision appealed as of right. Addendum B to Form C set forth the issues to be raised on appeal, which included both the issues that are appealable as of right and issues that Defendants contend are inextricably intertwined with the foreign sovereign immunity issue and therefore fall within the Court of Appeals' pendent jurisdiction and are immediately appealable pursuant to 28 U.S.C. § 1291. *See* Sullivan Decl. Ex. B. These additional pendent jurisdiction issues concern the doctrine of *forum non conveniens*, international comity and a forum selection clause (the "Pendent Jurisdiction Issues").

To avoid any potential uncertainty whether appellate jurisdiction exists over the Pendent Jurisdiction Issues, Defendants moved this Court to certify its Order pursuant to 28 U.S.C. § 1292(b). Plaintiff did not oppose this motion and the Court granted it in the December 15th Order. Having already filed the Notice of Appeal, Defendants did not also file a petition for permission to appeal following the issuance of the December 15th Order. Defendants interpreted 28 U.S.C. § 1292(b) as requiring the filing of a petition only in those circumstances where the order being appealed is "not otherwise appealable," as expressly stated therein. The Order was otherwise appealable as of right based upon the foreign sovereign immunity and personal jurisdiction issues. See December 15th Order at p. 3. Therefore, in Defendants' counsel's judgment, section 1292(b)'s requirement for the filing of a petition to the Court of Appeals

within ten days following the entry of the district court order certifying issues for appeal did not apply.

On January 14, 2010, the parties participated in a pre-argument conference with the Office of Staff Counsel for the U.S. Court of Appeals. During the course of this conference, Defendants' counsel explained their reading of section 1292(b) but Staff Counsel nevertheless informed Defendants' counsel that Defendants needed to file a second notice of appeal referencing the District Court's December 15th Order in order to put before the Court of Appeals whether the Pendent Jurisdiction Issues should be heard as part of the appeal. The Defendants filed a second notice of appeal that same day. *See* Sullivan Decl. Exh. C.

Later on January 14th, following the conclusion of the conference, Defendants' counsel communicated further with Staff Counsel who now questioned the efficacy of the second notice of appeal and raised the issue of Defendants instead filing a petition with the Court of Appeals pursuant to 28 U.S.C. § 1292(b). This approach appeared to be problematic because the ten day period for filing a petition had already expired. However, Defendants' counsels' research revealed that in *Marisol v. Giuliani*, 104 F.3d 524 (2d Cir. 1997), the Court of Appeals permitted an appellant to move to re-certify the District Court's certification order subsequent to the expiration of the ten day period and thereafter file a petition with the Court of Appeals.

Based upon this analysis and further discussion with the Office of the Clerk of the Court of Appeals for the Second Circuit, Defendants' counsel contacted Plaintiff's counsel to ascertain whether Plaintiff would oppose a motion for re-certification for interlocutory appeal. Plaintiff's counsel indicated that Plaintiff would not oppose such a motion. As a result, in addition to moving before this Court for re-certification, Defendants have also requested that the Court of

Appeals hold their appeal in abeyance pending the District Court's determination of this motion, and if necessary, the Court of Appeals' ruling on the petition.

## ARGUMENT

Section 1292(b) provides that when a district court certifies for interlocutory appeal an order not otherwise appealable, the Court of Appeals may permit an appeal to be taken if application is made to it within ten days of the issuance of a district court order certifying the issue for appeal. 28 U.S.C. 1292(b); *see also* Fed. R. Civ. App. 5 (stating that petition for appeal "must be filed within the time specified by the statute or rule authorizing the appeal"). Here, the September 8, 2009 Order was "otherwise appealable" as there were issues appealable as of right. This issue of whether a petition was required in addition to the already filed Notice of Appeal first arose during the parties' pre-argument conference with the Court of Appeals on January 14, 2010. Because the 10-day period prescribed by § 1292(b) had already passed, the submission of a petition based on the December 15th Order was time barred. Rather than risk that the Court of Appeals not have the benefit of this Court's analysis set forth in the December 15th Order, Defendants instead hereby request, for the reasons set forth in the District Court's December 15th Order, that the District Court re-certify for interlocutory appeal those portions of its September 8, 2009 Order that are not already appealable of right -- specifically Sections IV (*forum non conveniens*), V (forum selection clause) and VI (comity).

This approach has been authorized by the Court of Appeals in *Marisol v. Giuliani*, 104 F.3d 524 (2d Cir. 1997): Where the goal of 28 U.S.C. § 1292(b) will best be served by immediate appeal, district courts have the power to re-certify an order to enable an appellant to timely petition for leave to appeal. *Id.* at 529.

In *Marisol*, defendants sought to appeal from an order granting a motion for class certification. The district judge certified his order but, due to an inadvertent miscalculation of

-4-

the ten day period, defendants failed to timely file the petition required by 28 U.S.C. § 1292(b). *Id.* at 526. The district judge then re-certified the order after a status conference with the parties. *Id.*

In ruling on a motion to dismiss the appeal for lack of jurisdiction, the Court of Appeals identified several factors that should be considered in evaluating a motion to re-certify a district court order, including the length of delay between the end of the original 10 day period and re-certification of the order, the reasons given for failing to timely file in the circuit court, and any prejudice to the appellee. *Id.* at 528. However, the court also instructed that the "focus" of the district court's inquiry should be on "ensuring that the goal of 28 U.S.C. § 1292(b) – resolution of a controlling legal question that could advance the ultimate termination of the litigation – will still be satisfied by allowing an intermediate interlocutory appeal." *Id.* Applying this standard to the facts of the case, the Court of Appeals held that defendants' negligence in failing to timely file the petition for leave to appeal was outweighed by its conclusion that prompt resolution of the recertified issue could materially advance the determination of the appeal. *Id.*

The relief endorsed by the Second Circuit in *Marisol* is equally appropriate here; indeed, most of the specific factors enunciated by the Court of Appeals weigh more heavily in favor of re-certification in this case. Whereas defendants' failure to timely file a petition resulted from carelessness in *Marisol*, *id.* at 529, Defendants here reasonably concluded that the requirement for a petition for leave to appeal did not apply to this Court's September 8, 2009 Order because it was "otherwise appealable" under 28 U.S.C. § 1291. And while plaintiffs in *Marisol* opposed the motion for re-certification, Plaintiff here does not. The intention here is to have all jurisdictional issues and defenses decided in one appeal. Indeed, Plaintiff's lack of opposition to both the original motion for certification and the present motion for re-certification indicates that

Plaintiff will not suffer any prejudice if the motion for re-certification is granted. Finally, the one month delay between the end of the original 10 day period and this motion for re-certification – while admittedly greater than the 3 day delay in *Marisol* – is not unreasonable under the circumstances, especially in the absence of any prejudice to Plaintiff.

Furthermore, the circumstances underlying this Court's prior certification of interlocutory appeal have not changed. The justifications cited in the Court's December 15th Order are no less persuasive now than they were a month ago, when the Court concluded that certification "would avoid piecemeal litigation by permitting the review of all consequential jurisdictional issues and defenses at one time" and "offer the potential for economies of scale that might otherwise be lost in separate proceedings."

Accordingly, Defendants respectfully request that the Court grant their Unopposed Motion for Re-certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and for the reasons set forth in the December 15th Order, re-certify for interlocutory appeal those portions of its September 8, 2009 Order that are not already appealable as of right.

Dated: New York, New York
      January 22, 2010

Respectfully submitted,

DORSEY & WHITNEY LLP

By: _____
    Mark S. Sullivan (MS 5242)
    Juan C. Basombrio (Admitted *Pro Hac Vice*)
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for the Defendants*

4844-2930-4837\1