UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                                                              :

FIGUEIREDO FERRAZ CONSULTORIA
E ENGENHARIA DE PROJETO LTDA.,    :

             Plaintiff,          :      08 Civ. 492 (WHP)

           -against-           :      <u>MEMORANUDM & ORDER</u>

THE REPUBLIC OF PERU et al.,      :

            Defendants.       :

------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Defendants the Republic of Peru, the Ministerio de Vivienda, Construccion y Saneamiento (the Ministry of Housing, Construction and Sanitation of the Republic), and the Programa Agua Para Todos move for re-certification of an order for interlocutory appeal entered by this Court on December 15, 2009 (the "Certification Order"). <u>See</u> <u>Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. The Republic of Peru</u>, 08 Civ. 492 (WHP), 2009 WL 5177977 (S.D.N.Y. Dec. 15, 2009). Plaintiff Figueiredo Ferraz Consultoria E Engenharia de Projeto Ltda. ("Figueiredo") does not oppose re-certification.

        This motion follows Defendants' failure to make a timely application for review of the Certification Order. <u>See</u> 28 U.S.C. § 1292(b). A district court may re-certify an earlier order for interlocutory appeal for substantially the same reasons as the original certification. <u>See</u> <u>Marisol A. v. Giuliani</u>, 104 F.3d 524, 529 (2d Cir. 1997) ("We reject the contention that an appellant's negligence completely strips the district court of discretion to recertify an interlocutory order."); <u>In re South African Apartheid Litig.</u>, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009). In this action, none of the underlying factors which warranted certification have changed.

See Marisol, 104 F.3d at 528 ("The focus of this inquiry, however, should be on ensuring that the goal of § 1292(b)—the resolution of a controlling legal question that could advance the ultimate termination of the litigation—will still be satisfied."). Moreover, this motion is unopposed, and none of the parties have suffered any prejudice because of the Defendants' oversight. See Nuclear Engineering v. Scott, 660 F.2d 241, 248 (7th Cir. 1981).

Accordingly, this Court grants Defendants' motion and recertifies for interlocutory appeal those portions of its September 8, 2009 Order that are not already appealable as of right—specifically Sections IV (forum non conveniens), V (forum selection clause), and VI (comity).

Dated: February 2, 2010
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Thomas Joseph Hall, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
*Counsel for Plaintiff*

Juan C. Basombrio, Esq.
Dorsey & Whitney LLP
38 Technology Drive
Irvine, CA 92618
*Counsel for Defendants*