DORSEY & WHITNEY LLP
Juan C. Basombrio (Admitted *Pro Hac Vice*)
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626
(714) 800-1405

Mark S. Sullivan (MS 5242)
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FIGUEIREDO FERRAZ CONSULTORIA E
ENGENHARIA DE PROJETO LTDA.,

                                                                                                           No. 08-CV-0492 (WPH)

        Plaintiff,

-against-

THE REPUBLIC OF PERU, MINISTERIO DE VIVIENDA,
CONSTRUCCION Y SANEAMIENTO, and PROGRAMA
[initials] AGUA PARA TODOS (PAPT) (successor by integration to
PROGRAMA DE APOYO A LA REFORMA DEL SECTOR
SANEAMIENTO (PARSSA), formerly known as PROYECTO
ESPECIAL PROGRAMA NACIONAL DE AGUA POTABLE
Y ALACANTARILLADO (PRONAP)),

        Defendants.

------------------------------------------------------------------------X

## DECLARATION OF DR. KATTY AQUIZE

1.  I, KATTY MARIELA AQUIZE CACERES, hereby declare that if I am called as a witness in this action, I will testify on the following matters based on my personal and direct knowledge of them. I make this declaration at the request of the defendants.

2.  My name is KATTY MARIELA AQUIZE CACERES, and I am the Public Solicitor General of the Ministerio de Vivienda, Construccíon y Saneamiento [Ministry of Housing, Construction and Sanitation] of the Republic of Peru.

3.  With respect to the payment of attorney's fees, the Civil Procedural Code of the Republic of Peru establishes in the first paragraph of article 441 that the prevailing party's attorney's fees are included in the prevailing party's costs of a judicial proceeding.

4.  Further, Article 412 of the same Code indicates that the prevailing party need not bring an action for reimbursement of attorney's fees as reimbursement is the liability of the loosing party, except in the case of an express and justified judicial declaration of exoneration.

5.  As can be observed, the Civil Procedural Code of the Republic of Peru does not make any distinction with respect to whether the judicial proceeding was won based on an adjudication of the merits, or based on a procedural ground without an adjudication on the merits.

6.  In particular, we can mention the resolution of the Supreme Court of the Republic of Peru, in Appeal No. 3322-00-CALLAO, that declared, "...*the payment of attorney's fees and costs in a judicial process is a collateral issue that is not dependent on the merits of the action or the reasons why the judicial proceeding was concluded ...*"

7.  In this regard, it is clear that in accordance with our legislation and case law, the reasons why a judicial proceeding was concluded (judgment on the merits or procedural grounds) are not determinative of the payment of attorney's fees.

I hereby declare under penalty of perjury under the laws of these United States of North America that this declaration is true and correct. Written February 16, 2011, in Lima, Peru.

[illegible seal]
[stamp:]
MINISTERIO DE VIVIENDA, CONSTRUCCION
Y SANEAMIENTO
ATTORNEY GENERAL
[signature]
PUBLIC SOLICITOR GENREL
KATTY MARIELA AQUIZE CACERES, J.D.
C.A.A. No. 1800

2



[text illegible]

TENTH OFFICIAL EDITION

# CIVIL

# PROCEDURAL

# CODE





[MINISTRY OF JUSTICE
PERU]



*Ministerio de Justicia*

**Artículo 409º.- Trámite de la consulta.-**
Cuando proceda la consulta, el expediente es elevado de oficio.

El Auxiliar jurisdiccional enviará el expediente al superior dentro de cinco días, bajo responsabilidad.

La resolución definitiva se expedirá dentro de los cinco días siguientes a la vista de la causa. No procede el pedido de informe oral.

Durante la tramitación de la consulta, los efectos de la resolución quedan suspendidos.

## TÍTULO XV
## COSTAS Y COSTOS

**Artículo 410º.- Costas.-**
Las costas están constituidas por las tasas judiciales, los honorarios de los órganos de auxilio judicial y los demás gastos judiciales realizados en el proceso.

### Article 441 – Attorney's Fees
the prevailing party's attorney's fees are included in the prevailing party's costs of a judicial proceeding, plus five percent allocated to the Bar Association of the respective judicial district for its mutual fund and to cover attorney fees in cases of judicial assistance.

### Article 412 - Rule of Assessment of Costs and Attorney's Fees
The prevailing party need not bring an action for reimbursement of attorney's fees as reimbursement is the liability of the loosing party, except in the case of an express and justified judicial declaration of exoneration.

Costs and attorney's fees are assessed at each judicial level, but if the superior tribunal revokes the judgment of the lower tribunal, the defeated party will pay the costs of both. This approach also applies to the judgment of the Supreme Court.

If in a claim several causes of action have been asserted, the costs and attorney's fees awarded will related only to those causes of action on which the requesting party prevailed.

"In cases in which legal assistance has been granted to the prevailing party, it will be the responsibility of the defeated party to reimburse the court fees to the Judiciary." [42]

**"Artículo 413º.- Exención y exoneración de costas y costos.-**
Están exentos de la condena en costas y costos los Poderes Ejecutivo, Legislativo y Judicial, el Ministerio Público, los órganos constitucionalmente autónomos, los gobiernos regionales y locales.

(42) Paragraph in force approves the incorporation established in Article 7 of the Law No. 26846 (07.27.97)

DORSEY & WHITNEY LLP
Juan C. Basombrio (Admitted *Pro Hac Vice*)
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626
(714) 800-1405

Mark S. Sullivan (MS 5242)
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FIGUEIREDO FERRAZ CONSULTORIA E
ENGENHARIA DE PROJETO LTDA.,

            Plaintiff,

-against-

THE REPUBLIC OF PERU, MINISTERIO DE VIVIENDA,
CONSTRUCCION Y SANEAMIENTO, and PROGRAMA
AGUA PARA TODOS (PAPT) (successor by integration to
PROGRAMA DE APOYO A LA REFORMA DEL SECTOR
SANEAMIENTO (PARSSA), formerly known as PROYECTO
ESPECIAL PROGRAMA NACIONAL DE AGUA POTABLE
Y ALACANTARILLADO (PRONAP)),

            Defendants.
-----------------------------------------------------------------------X

No. 08-CV-0492 (WPH)

## CERTIFICATION

1.    I, REBECA MOSQUERA-DURLING, am a Paralegal with the law firm of Dorsey & Whitney, LLP. I am also an Attorney registered in the Bar of the Republic of Panama.

2.    I have reviewed the Spanish and English versions of the Declaration of Dr. Katty Aquize and attachments, submitted with the Defendants' instant motion for attorneys' fees and costs.

3.    I understand the English language and the Spanish language.

-2-

4. To the best of my knowledge and belief, the English-language translations of the Declaration of Dr. Katty Aquize and attachments are true and accurate translations of the Spanish-language Declaration of Dr. Katty Aquize and attachments.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 17, 2012 in Anchorage, Alaska.

By: *[signature]*
Rebeca Mosquera-Durling

DORSEY & WHITNEY LLP
Juan C. Basombrio (Admitted *Pro Hac Vice*)
600 Anton Boulevard, Suite 2000
Costa Mesa, California  92626
(714) 800-1405

Mark S. Sullivan (MS 5242)
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
FIGUEIREDO FERRAZ CONSULTORIA E
ENGENHARIA DE PROJETO LTDA.,

                              Plaintiff,

-against-

THE REPUBLIC OF PERU, MINISTERIO DE
VIVIENDA, CONSTRUCCION Y SANEAMIENTO, and
PROGRAMA AGUA PARA TODOS (PAPT) (successor
by integration to PROGRAMA DE APOYO A LA
REFORMA DEL SECTOR SANEAMIENTO (PARSSA),
formerly known as PROYECTO ESPECIAL
PROGRAMA NACIONAL DE AGUA POTABLE Y
ALACANTARILLADO (PRONAP)),

                              Defendants.
------------------------------------------------------------------- X

No. 08-CV-0492 (WHP)



## DECLARACIÓN DE DRA. KATTY AQUIZE

1.    Yo, KATTY MARIELA AQUIZE CACERES, declaro que si soy llamada como testigo en esta acción, testificaré respecto de las siguientes materias basado en mi conocimiento personal y directo de las mismas. Esta declaración la realizo a pedido de los demandados.

2.    Mi nombre es KATTY MARIELA AQUIZE CACERES y soy Procuradora Pública del Ministerio de Vivienda, Construcción y Saneamiento de la República del Perú.

3.    Respecto al pago de costos, el Código Procesal Civil de la República del Perú, establece en el primer párrafo del artículo 411° que son costos del proceso el honorario del Abogado de la parte vencedora.

4.  De otro lado el artículo 412° del mismo Código, señala que el reembolso de las costas y costos del proceso no requiere ser demandado y es de cargo de la parte vencida, salvo declaración judicial expresa y motivada de exoneración.

5.  Como se puede apreciar, el Código Procesal Civil de la República del Perú, no hace distinción alguna respecto a si el proceso se ha ganado con un pronunciamiento sobre el fondo, o por un tema procesal y sin pronunciamiento sobre el fondo.

6.  Sobre el particular, podemos mencionar, lo resuelto por la Corte Suprema de la República del Perú, en la Casación N° 3322-00-CALLAO, que declaró *"...el pago de costas y costos del proceso es un asunto accesorio que no versa sobre el fondo del asunto ni sobre las razones por las que se declara concluido el proceso..."*

7.  En este sentido, es claro que de acuerdo a nuestra legislación y jurisprudencia, las razones por las que un proceso concluye (pronunciamiento de fondo o cuestiones procesales), no determinan el pago de costos.

Declaro bajo pena de perjurio bajo las leyes de los Estados Unidos de Norteamérica que la declaración se ajusta a la verdad y es correcta. Redactado el 16 de febrero de 2011, en Lima, Perú.

MINISTERIO DE VIVIENDA, CONSTRUCCION
Y SANEAMIENTO
PROCURADURIA PÚBLICA

*[signature]*

PROCURADORA PÚBLICA
Abog. KATTY MARIELA AQUIZE CÁCERES
C.A.A   N° 1800



DÉCIMA EDICIÓN OFICIAL

# Código Procesal Civil



MINISTERIO DE JUSTICIA
PERÚ



Editora Perú

### Artículo 409º.- Trámite de la consulta.-
Cuando proceda la consulta, el expediente es elevado de oficio.

El Auxiliar jurisdiccional enviará el expediente al superior dentro de cinco días, bajo responsabilidad.

La resolución definitiva se expedirá dentro de los cinco días siguientes a la vista de la causa. No procede el pedido de informe oral.

Durante la tramitación de la consulta, los efectos de la resolución quedan suspendidos.

# TÍTULO XV
# COSTAS Y COSTOS

### Artículo 410º.- Costas.-
Las costas están constituidas por las tasas judiciales, los honorarios de los órganos de auxilio judicial y los demás gastos judiciales realizados en el proceso.

### Artículo 411º.- Costos.-
Son costos del proceso el honorario del Abogado de la parte vencedora, más un cinco por ciento destinado al Colegio de Abogados del Distrito Judicial respectivo para su Fondo Mutual y para cubrir los honorarios de los Abogados en los casos de Auxilio Judicial.

### Artículo 412º.- Principio de la condena en costas y costos.-
El reembolso de las costas y costos del proceso no requiere ser demandado y es de cargo de la parte vencida, salvo declaración judicial expresa y motivada de exoneración.

La condena en costas y costos se establece por cada instancia, pero si la resolución de segunda revoca la de primera, la parte vencida pagará las costas de ambas. Este criterio se aplica también para lo que resuelva la Corte de casación.

Si en un proceso se han discutido varias pretensiones, las costas y costos se referirán únicamente a las que hayan sido acogidas para el vencedor.

"En los casos en que se hubiera concedido auxilio judicial a la parte ganadora, corresponderá a la vencida el reembolso de tasas judiciales al Poder Judicial." [42]

### "Artículo 413º.- Exención y exoneración de costas y costos.-
Están exentos de la condena en costas y costos los Poderes Ejecutivo, Legislativo y Judicial, el Ministerio Público, los órganos constitucionalmente autónomos, los gobiernos regionales y locales.

---

(42) Párrafo vigente conforme la incorporación establecida por el Artículo 7º de la Ley Nº 26846, (27.07.97).