UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIGUEIREDO FERRAZ E ENGENHARIA
DE PROJETO LTDA,

                            Plaintiff,

          -against-

THE REPUBLIC OF PERU, MINISTERIO DE
VIVIENDA, CONSTRUCCION Y SANEAMIENTO, and
PROGRAMA AGUA PARA TODOS (PAPT) (successor
by integration to PROGRAMA DE APOYO A LA
REFORMA DEL SECTOR SANEAMIENTO (PARSSA),
formerly known as PROYECTO ESPECIAL PROGRAMA
NACIONAL DE AGUA POTABLE Y
ALCANTARILLADO (PRONAP)),

                            Defendants.

08 Civ. 00492 (WHP)

---

# MEMORANDUM OF LAW IN OPPOSITION TO
# DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

                                    CHADBOURNE & PARKE LLP
                                    Attorneys for Plaintiff
                                    30 Rockefeller Plaza
                                    New York, New York  10112
                                    (212) 408-5100

Thomas J. Hall
Marcelo Blackburn
Stacey Trimmer

       Of Counsel

## **TABLE OF CONTENTS**

**Page**

BACKGROUND ..................................................................................................................1

    A.      The Consulting Agreement..................................................................................1
    B.      The Arbitration....................................................................................................2
    C.      This Proceeding ..................................................................................................3
    D.      The Outcome......................................................................................................4

ARGUMENT ......................................................................................................................5

I      DEFENDANTS HAVE NO STATUTORY OR CONTRACTUAL
       RIGHT TO AN AWARD OF ATTORNEYS' FEES ................................................5

    A.      No Statutory Rights to Attorneys' Fees Under the FAA............................5
    B.      No Applicable Peruvian Statutory Right .....................................................6
    C.      No Contract Between the Parties Authorizes an Award
            of Attorneys' Fees .........................................................................................9

CONCLUSION................................................................................................................11

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Aferiat v. Grossman,
  1998 WL 99797 (S.D.N.Y. Mar. 4, 1998) .................................................................................8

Alcatel Space, S.A. v. Loral Space & Commc'n Ltd.,
  2002 WL 1391819 (S.D.N.Y. June 25, 2002) .....................................................................5, 10

APL Co. Pte. Ltd. v. UK Aerosols Ltd.,
  582 F.3d 947 (9th Cir. 2009) ...................................................................................................8

Application of Jackson, 77 F. Supp. 53 (S.D.N.Y. 1948) ................................................................7

Bensen v. Am. Ultramar Ltd.,
  1997 WL 317343 (S.D.N.Y. June 12, 1997) ............................................................................9

Carina Int'l Shipping Corp. v. Adam Maritime Corp.,
  961 F. Supp. 559 (S.D.N.Y. 1997) .........................................................................................11

Conte v. Flota Mercante Del Estado,
  277 F.2d 664 (2d. Cir. 1960) ....................................................................................................9

Dattner v. Conagra Foods, Inc.,
  458 F.3d 98 (2d Cir. 2006) .......................................................................................................6

Figueiredo Ferraz Consultoria E. Engenharia de Projeto Ltda. v. Republic of Peru,
  655 F. Supp. 2d 361 (S.D.N.Y. 2009) ...............................................................................2, 4, 5

Figueiredo Ferraz Consultoria E. Engenharia de Projeto Ltda. v. Republic of Peru,
  665 F.3d 384 (2d Cir. 2011) ...............................................................................................3, 4, 5

Gallagher v. Medeikon Corp.,
  2011 WL 841370 (E.D.N.Y. Mar. 8, 2011) ..............................................................................9

In re A & P Diversified Tech. Realty, Inc.,
  467 F.3d 337 (3d Cir. 2006) .....................................................................................................7

In re Arbitration Before New York Stock Exchange, Inc.,
  2004 WL 2072460 (S.D.N.Y. Sept. 8, 2004) .....................................................................5, 11

In re Arbitration of Briamonte v. Liberty Brokerage, Inc.,
  2000 WL 666350 (S.D.N.Y. May 19, 2000) ............................................................................5

<u>In re Sause Bros. Ocean Towing</u>,
    801 F. Supp. 378 (D. Or. 1991) ................................................................................8

<u>Kotsopoulos</u> v. <u>Asturia Shipping Co.</u>,
    467 F.2d 91 (2d Cir. 1972)..........................................................................................7

<u>Local 338, RWDSU</u> v. <u>Farmland Dairies, Inc.</u>,
    2003 WL 1213422 (S.D.N.Y. Mar. 14, 2003) .......................................................11

<u>Menke</u> v. <u>Monchecourt</u>,
    17 F.3d 1007 (7th Cir. 1994) ......................................................................................6

<u>P.R. Tel. Co</u>. v. <u>U.S. Phone Mfg. Corp.</u>,
    427 F.3d 21 (1st Cir. 2005) .......................................................................................10

<u>Ripa</u> v. <u>Cathy Parker Mgmt., Inc</u>.,
    1998 WL 241621 (S.D.N.Y. 1998) ....................................................................10, 11

<u>RLS Assocs., LLC</u> v. <u>United Bank of Kuwait</u>,
    464 F. Supp. 2d 206 (S.D.N.Y. 2006) .......................................................................8

<u>Van Munching & Co</u>. v. <u>M/V Star Mindanao</u>,
    1986 WL 6303 (E.D. Pa. 1986) .................................................................................8

<u>Volk</u> v. <u>X-Rite, Inc</u>.,
    599 F. Supp. 2d 1118 (S.D. Iowa 2009) ...................................................................6

<u>Volt Info. Sci.</u> v. <u>Leland Stanford Jr. Univ</u>.,
    489 U.S. 468 (1989) ...................................................................................................10

**STATUTES**

Federal Arbitration Act, 9 U.S.C. §§ 1-16, 201-208, 301-307 ....................................3, 5

**OTHER AUTHORITIES**

Katherine Ritchey, <u>et al</u>., <u>When Can Attorneys' Fees Be Recovered in an Award
    Enforcement Action in U.S. Federal Court</u>?, 65-Jan. Disp. Resol. J. 74 (Nov. 2010-
    Jan. 2011)....................................................................................................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FIGUEIREDO FERRAZ E ENGENHARIA DE PROJETO LTDA,<br><br>         Plaintiff,<br><br>    -against-<br><br>THE REPUBLIC OF PERU, MINISTERIO DE VIVIENDA, CONSTRUCCION Y SANEAMIENTO, and PROGRAMA AGUA PARA TODOS (PAPT) (successor by integration to PROGRAMA DE APOYO A LA REFORMA DEL SECTOR SANEAMIENTO (PARSSA), formerly known as PROYECTO ESPECIAL PROGRAMA NACIONAL DE AGUA POTABLE Y ALCANTARILLADO (PRONAP)),<br><br>         Defendants. | 08 Civ. 00492 (WHP) |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Figueiredo Ferraz E Engenharia de Projeto Ltda ("Figueiredo") respectfully submits this memorandum of law in opposition to the motion for an award of attorneys' fees and costs filed by defendants The Republic of Peru (the "Republic"), the Ministerio de Vivienda, Construccion y Saneamiento (the "Ministry") and the Programa Agua Para Todos (the "Program").

## BACKGROUND

### A. The Consulting Agreement

On November 12, 1997, Figueiredo entered into a Consulting Agreement with the Program pursuant to which Figueiredo was to perform engineering studies on water and sewer services in Peru. Amended Complaint (D.E. #15) ("Amended Compl.") Ex. H. The Program is

part of the Ministry and the Ministry is part of the Republic.  <u>Figueiredo Ferraz Consultoria E. Engenharia de Projeto Ltda</u>. v. <u>Republic of Peru</u>, 655 F. Supp. 2d 361, 371 (S.D.N.Y. 2009).

Pursuant to paragraph THREE (3) of the Consulting Agreement, its initial term was 390 days, with paragraph THREE (4) thereof permitting extensions to that term.  Amended Complaint Ex. H.  Paragraph SEVEN (1) further provided that the Consulting Agreement would expire upon the submission by Figueiredo of its Final Report:

> "This Agreement shall expire upon delivery by the CONSULTANT of a Final Consulting Activities Report and settlement of any liquidation thereof.  The Final Report with the approval of PRONAP, shall be submitted to the consideration of IDB."  Amended Compl. Ex. H p. 17.

The Consulting Agreement contained a limited choice-of-law provision.  Section ONE (2)(d) thereof provided that that Agreement was governed by several aspects of Peruvian law:

> "In general, by the provisions of the Budget Law in force and Law 23554, Consultancy Law and the Regulations thereof, approved by Supreme Decree 208-87-EF, dated November 5, 1987, Director's Resolution 021-97/PRES/VMI/PRONAP/DE, as long as they do not oppose the provisions under Loan Agreement 847/OC-PE, the conditions and terms of reference and the provisions of IDB, which the CONSULTANT represents being aware of."  Amended Compl. Ex. H p. 2-3.

While this Section provided that that Agreement was governed by certain specific Peruvian laws -- being the Budget Law, Law 23554 and the Consultancy Law and the Regulations thereof -- defendants assert on this motion that the attorneys' fees provision on which they rely is part of Peru's Civil Procedural Code (Memorandum of Law in Support of Defendants' Motion for Attorneys' Fees and Costs (D.E. #69) ("Moving Br.") p. 8), which was ***not*** incorporated by reference into the Consulting Agreement.

B.   <u>**The Arbitration**</u>

When the Program failed to pay the amounts due under the Agreement, on October 29, 2001, Figueiredo submitted the dispute to arbitration in Peru.  Amended Compl. Ex. B p. 6.  In

2

an Award dated January 5, 2005, the arbitration panel directed the Program to pay Figueiredo $21,670,003[1] plus post-Award interest (the "Award"). Amended Compl. ¶ 23, Ex. B pp. 98-101.

As set forth in the Award, with extensions the full term of the Consulting Agreement was 984 days. Amended Compl. Ex. B p. 83 ¶ Thirty-Fourth. At the end of that 984 day period, on August 23, 2000, Figueiredo delivered its Final Report to the Program. Id. p. 65 ¶ Third. As set forth in paragraph SEVEN (1) of the Consulting Agreement, upon delivery of the Final Report, the Consulting Agreement expired. The Ministry subsequently appealed the Award to the Lima Court of Appeals seeking to have it nullified. The Peruvian court rejected that appeal. Amended Compl. ¶ 24. To date, only a small portion of the Award has been paid. Figueiredo Ferraz Consultoria E. Engenharia de Projeto Ltda. v. Republic of Peru, 665 F.3d 384, 388 (2d Cir. 2011).

**C.     This Proceeding**

On January 18, 2008, Figueiredo brought this proceeding seeking confirmation of the Award. As set forth in detail in the Amended Complaint, Figueiredo sought to confirm the award in New York so it could execute against defendants' assets here. Amended Compl. ¶ 1.

Figueiredo sought confirmation pursuant to the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 201-208, 301-307. As Figueiredo alleged in its Amended Complaint: "Plaintiff is entitled to enforcement of the Award pursuant to the Inter-American Convention on International Commercial Arbitration codified at Chapter 3 of the Federal Arbitration Act, 9 U.S.C. § 301, et seq. (the 'Panama Convention'), or, in the alternative, the Convention on the Recognition and

---

[1]   As part of the Award is in Peruvian currency, this amount is calculated using the applicable currency conversion rate around the time the Amended Complaint herein was filed.

3

Enforcement of Foreign Arbitral Awards (the 'New York Convention')."  Amended Compl. ¶ 1. The Amended Complaint continued:  "This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1330(a)."  Id. ¶ 6.  Thus, this proceeding seeking to confirm the Award in New York pursuant to the FAA, based on federal question standing under the FAA, was governed by that statute and related federal law.

**D.    The Outcome**

The defendants filed a motion to dismiss the Amended Complaint on multiple grounds. In a September 8, 2009 decision, this Court denied that motion.  Figueiredo Ferraz Consultoria E. Engenharia de Projeto Ltda., 655 F. Supp. 2d at 378.  On appeal, the Second Circuit Court of Appeals, over the vigorous dissent of Judge Gerard Lynch, exercised its discretion and reversed and remanded for a conditional dismissal of this proceeding.  Figueiredo Ferraz Consultoria E. Engenharia de Projeto Ltda., 665 F.3d at 386.  The basis for the Second Circuit's ruling was the federal common law doctrine of *forum non conveniens*, that Peru was a more convenient forum for Figueiredo to enforce the Award because, the defendants asserted, they have certain immunities from enforcement and execution in Peru that they do not have here.  The Second Circuit directed dismissal of this proceeding on the condition that the Peruvian courts accept jurisdiction over a suit by Figueiredo to enforce the Award in Peru and further that the defendants do not raise the defense of statute of limitations there.  665 F.3d at 393-94.  If any of those conditions fail, Figueiredo is entitled to resume this proceeding.  Id.

4

# ARGUMENT

## I

### DEFENDANTS HAVE NO STATUTORY OR CONTRACTUAL RIGHT TO AN AWARD OF ATTORNEYS' FEES

It is well recognized in the United States that "each party in a federal litigation pays its own attorneys' fees." Alcatel Space, S.A. v. Loral Space & Commc'n Ltd., 2002 WL 1391819, at *6 (S.D.N.Y. June 25, 2002). Courts recognize three exceptions to this general rule:

> (i) where a statute or enforceable contract provides for an award of attorneys' fees;
> (ii) where the prevailing plaintiff confers a common benefit upon a class or fund;
> and (iii) where a party willfully disobeys a court order or 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'

Id. The only exception alleged by defendants is the first, but neither an applicable statute nor any contract provides for an award of attorneys' fees in this case. See In re Arbitration Before New York Stock Exchange, Inc., 2004 WL 2072460, at *14 (S.D.N.Y. Sept. 8, 2004) (denying fees to party moving to vacate award because he had not "pointed to any statutory, contractual or other proper basis that warrants making an exception to the general rule and awarding attorney's fees").

### A.    No Statutory Rights to Attorneys' Fees Under the FAA

Both this Court and the Second Circuit observed that this is a proceeding that sought confirmation of a 2005 arbitration award subject to the New York Convention. Figueiredo Ferraz Consultoria E. Engenharia de Projeto Ltda., 665 F.3d 384, 387 n.2 (2d Cir. 2011); 655 F. Supp. 2d 361, 378 (S.D.N.Y. 2009). Thus, the FAA is the statutory authority controlling this action. 9 U.S.C. §§ 1-16, 201-208, 301-307.

"[T]here is nothing in the Federal Arbitration Act itself that would authorize a district court to go beyond confirming an arbitrators' award and independently award additional attorneys' fees." In re Arbitration of Briamonte v. Liberty Brokerage, Inc., 2000 WL 666350, at

5

\*2 (S.D.N.Y. May 19, 2000) (quoting Menke v. Monchecourt, 17 F.3d 1007, 1008 (7th Cir. 1994)); see also Volk v. X-Rite, Inc., 599 F. Supp. 2d 1118, 1134 (S.D. Iowa 2009) (holding that "[e]ven if attorneys' fees are mandatory under state statutory law, [it does not] compel federal courts reviewing arbitration awards to award attorneys' fees in proceedings pursuant to the FAA"). Indeed, a confirmation action "is intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." Menke, 17 F.3d at 1009. As the Fifth Circuit has suggested, "for a district court to include an additional award of attorneys' fees would 'judicialize' the arbitration process and constitute an unauthorized modification of the arbitrators' award." Id. (citing Schlobohm v. Pepperidge Farm, Inc., 806 F.2d 578, 580 (5th Cir. 1986)). Thus, an award of attorneys' fees is not available under the FAA. And even if any attorneys' fee award was authorized under the FAA, as defendants concede in their moving brief (p. 4), under federal law the defendants, having achieved dismissal under the discretionary doctrine of *forum non conveniens*, would not be deemed a prevailing party so as to qualify for such an award. See Dattner v. Conagra Foods, Inc., 458 F.3d 98 (2d Cir. 2006).

**B.     No Applicable Peruvian Statutory Right**

Instead, defendants' motion relies on Peruvian law which, defendants assert, permit the Peruvian courts in actions there to award attorneys' fees to the prevailing party. Defendants assert: "The relationship between the parties is governed by Peruvian law, and Peruvian law also governs this motion." Moving Br. p. 1. Defendants cite to two factors supporting the application of Peruvian law.

First, they point to the fact that, although the Consulting Agreement contains only a limited choice-of-law provision, Peruvian law governed the non-payment dispute between the parties under the Consulting Agreement that led to the Award, and that in its Amended Complaint herein, the plaintiff "admitted" that those disputes under the Consulting Agreement

6

"were governed by Peruvian law." Moving Br. p. 5. But what law governed the 2001 contractual dispute in Peru involving Figueiredo's services in Peru simply has nothing to do with what law governs this proceeding to enforce the 2005 Award in the United States under the FAA. See Kotsopoulos v. Asturia Shipping Co., 467 F.2d 91, 95 (2d Cir. 1972) ("Once a claim is reduced to judgment, the original claim is extinguished and merged into the judgment; and a new claim, called a judgment debt, arises.") (citing Restatement of Judgments § 47 (1942)); In re A & P Diversified Tech. Realty, Inc., 467 F.3d 337, 343 (3d Cir. 2006) ("Under the merger doctrine, the [agreement] and its concomitant attorneys' fees provision ceased to exist when the judgment was entered."); Application of Jackson, 77 F. Supp. 53 (S.D.N.Y. 1948) ("The claim for damages became merged in the award.") (citing New York Lumber & Wood-Working Co. v. Schneider, 119 N.Y. 475, 479 (1890) ("For the original cause of action, as the result of arbitration, there was substituted this award, which is a new right, with corresponding obligations. The original right and cause of action arising out of the contract disappeared; or, rather, merged in this award. This result is a necessity, not only from the convention of the parties in the matter, but from the demands of the policy of the law. After parties have been heard before such a tribunal, of their own choosing, upon the matters in difference between them, litigation is at an end on that head.")). Indeed, as noted above, the Consulting Agreement does not incorporate the Peru Civil Procedural Code upon which defendants' motion is premised.

   Second, defendants point to the fact that, although the requested confirmation of the Award herein was governed by the FAA, aspects of Peruvian law were implicated in the determination in this proceeding of whether the Program, the Ministry and the Republic -- all Peruvian governmental entities -- are the same legal entity for purposes of the U.S. federal law core functions test. Moving Br. p. 6. This latter point, of course, has no bearing on whether

7

Peruvian law applies to the underlying claim herein -- confirmation of an arbitration award under the FAA.  The defendants go on to assert that Peruvian law "governs the contractual relationship at bar" (id. p. 7), entirely ignoring that the former contractual relationship between the parties expired on August 23, 2000 (Amended Compl. Ex. B. p. 65 ¶ Third).  Rather, the current relationship between the parties is governed by the 2005 Award, which defendants have failed to satisfy.  Moreover, defendants conveniently ignore that this action did not assert a claim under the Consulting Agreement, but rather asserted a claim under the FAA to confirm the Award.

Defendants cite several cases in support of their argument that Peruvian law controls the award of attorneys' fees here.  Moving Br. pp. 1-4.  Not a single one of those cases was an arbitration award confirmation case.  Rather, all involved situations were foreign law governed the underlying cause of action asserted in the action, unlike here where Figueiredo's claim to confirm the Award was governed by the FAA.  See APL Co. Pte. Ltd. v. UK Aerosols Ltd., 582 F.3d 947 (9th Cir. 2009) (appeal from summary judgment in an admiralty action alleging *negligence and breach of contract*); In re Sause Bros. Ocean Towing, 801 F. Supp. 378 (D. Or. 1991) (*admiralty case* to limit liability); RLS Assocs., LLC v. United Bank of Kuwait, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) (diversity action alleging *breach of contract*); Van Munching & Co. v. M/V Star Mindanao, 1986 WL 6303, at *1 (E.D. Pa. 1986) (admiralty action for *damages to cargo*).  As such, those cases have no application here.  As the court stated in Aferiat v. Grossman, 1998 WL 99797, at *12 (S.D.N.Y. Mar. 4, 1998), it was "aware of no authority holding that attorneys' fees may be recovered on a motion to confirm an arbitration award" and the cases cited by the movants, "relating to appeals and default judgments, have no bearing on arbitration awards."

In any event, even if Figueiredo's claim for confirmation of the Award was somehow governed by the Peru Civil Procedural Code on which the defendants now rely, there is considerable contrary precedent to that cited by defendants holding that an award of attorneys' fees is procedural and, thus, the law of the forum governs.  See, e.g., Conte v. Flota Mercante Del Estado, 277 F.2d 664, 672 (2d. Cir. 1960) (refusing to apply Argentine attorneys' fees law because "[o]n a matter so intimately related to judicial administration the forum will follow its own policy"); Bensen v. Am. Ultramar Ltd., 1997 WL 317343, at *15 (S.D.N.Y. June 12, 1997) (rejecting English rule on attorneys' fees because "application of the American rule [is] a fundamental component of the state's procedural law"); see also Gallagher v. Medeikon Corp., 2011 WL 841370, at *4 (E.D.N.Y. Mar. 8, 2011) (finding that Delaware's attorneys' fees law provision was procedural and thus "New York law therefore governs the procedural issue of attorneys' fees and costs in this action").

**C.   No Contract Between the Parties Authorizes an Award of Attorneys' Fees**

Because the applicable statutory authority, the FAA, does not authorize an award of attorneys' fees, and because Peru law did not apply the issue of the confirmation of the award herein, the Court may next explore whether a contract exists between the parties providing for an award of attorneys' fees.  Defendants, of course, point to no such contract.  While defendants mention the Consulting Agreement, as discussed above, this action was not a claim under that expired Consulting Agreement but, rather, was a claim to confirm the Award under the FAA. Moreover, the Consulting Agreement does not contain an attorneys' fee provision, and does not

9

even contain a general Peru choice-of-law clause.[2]  Rather, although incorporating other aspects of Peru law, the Consulting Agreement did not incorporate the Peru Civil Procedural Code on which defendants' motion relies.

Even if this proceeding were a claim under the Consulting Agreement, an award of attorneys' fees would still not be available.  Generally, courts will not award attorneys' fees in arbitration award enforcement cases unless, unlike here, a contract binding on the parties *explicitly* provides for an award of fees.  Alcatel Space, S.A., 2002 WL 1391819 at *6 (denying fees when "there is no evidence that the Alliance Agreement or the Operational Agreement provides for attorneys' fees"); Ripa v. Cathy Parker Mgmt., Inc., 1998 WL 241621, at *6-7 (S.D.N.Y. 1998) (finding that "a party may not recover attorney's fees absent some statutory or contractual authority for the award" and "[b]ecause there appears to be no statute providing for the recovery of attorney's fees on a motion to confirm an arbitration award, [movant]'s claim depends on the attorney's fee provision of the [contract]"); Katherine Ritchey, et al., When Can Attorneys' Fees Be Recovered in an Award Enforcement Action in U.S. Federal Court?, 65-Jan Disp. Resol. J. 74, 76-77 (Nov. 2010–Jan. 2011); see also Volt Info. Sci. v. Leland Stanford Jr. Univ., 489 U.S. 468, 479 (1989) (enforcing arbitration agreements according to their terms is necessary to "give effect to the contractual rights and expectations of the parties").

---

[2]  Even if the Consulting Agreement applied here and contained a broad Peru choice-of-law provision, which it does not, an attorneys' fees award would still not be available.  See P.R. Tel. Co. v. U.S. Phone Mfg. Corp., 427 F.3d 21, 29 (1st Cir. 2005), rev'd on other grounds by Hall St. Assocs. LLC v. Mattel, Inc., 552 U.S. 576 (2008) ("[E]very circuit that has considered the question . . . [has] held that the mere inclusion of a choice-of-law clause within the arbitration agreement is insufficient to indicate the parties' intent to contract for the application of state law concerning judicial review of awards").

10

Indeed, cases that have granted a request for attorneys' fees in arbitration award enforcement actions involve contracts that *explicitly* provided for an award of attorneys' fees in that context.  See, e.g., In re Arbitration Before New York Stock Exchange, Inc., 2004 WL 2072460 at *15 (awarding fees because the agreement provided to "the extent permitted by the laws of the state of New York, [Chang] agree[s] to pay [Merrill] the reasonable lawyers and/or professional advisors' fees . . . ."); Local 338, RWDSU v. Farmland Dairies, Inc., 2003 WL 1213422, at *4 (S.D.N.Y. Mar. 14, 2003) (awarding fees when Collective Bargaining Agreement provided: "Should the Employer or the Union be required to make resort to courts . . . to enforce an arbitration award, and should the courts . . . rule in favor of the party so making resort, the other party shall pay its attorneys' fees and costs"); Carina Int'l Shipping Corp. v. Adam Maritime Corp., 961 F. Supp. 559, 569 (S.D.N.Y. 1997) (granting fee award to successful party bringing confirmation proceeding when charter party clearly provided that "[d]amages for breach of this Charter shall include all provable damages, and all costs of suit and attorney fees in any action incurred in any action hereunder").  In contrast, cases have refused to award attorneys' fees despite a provision for fees in a contract when that fee provision did not clearly and expressly relate to the arbitration award.  See, e.g., Ripa, 1998 WL 241621 at *6-7 (refusing to award fees because even though an underlying agreement provided for fees, movant could not "demonstrate that the arbitration award was made pursuant to" a claim concerning enforcement of the agreement).

## CONCLUSION

In sum, the Peru Civil Procedural Code has no application to the award of attorneys' fees in this action as this was a proceeding to confirm an Award under a federal statute, the FAA, and defendants achieved a conditional dismissal based on the U.S. federal common law doctrine of

11

*forum non conveniens*.  For the foregoing reasons, plaintiff respectfully requests that defendants' motion for an award of attorneys' fees be denied, with costs to plaintiff.

                                            Respectfully submitted,

                                            CHADBOURNE & PARKE LLP

                                            By       */s/ Thomas J. Hall*
                                                          Thomas J. Hall
                                                       A Member of the Firm
                                          Attorneys for Plaintiff
                                          30 Rockefeller Plaza
                                          New York, NY  10112
                                          (212) 408-5100
                                          thall@chadbourne.com

Thomas J. Hall
Marcelo Blackburn
Stacey Trimmer

       Of Counsel

March 12, 2012