DORSEY & WHITNEY LLP
Juan C. Basombrio (Admitted *Pro Hac Vice*)
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626
(714) 800-1405

Mark S. Sullivan (MS 5242)
250 Park Avenue
New York, New York 10177
(212) 415-9200

*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
FIGUEIREDO FERRAZ CONSULTORIA E
ENGENHARIA DE PROJETA LTDA.,

                         Plaintiff,

-against-

THE REPUBLIC OF PERU, MINISTERIO DE
VIVIENDA, CONSTRUCCION Y SANEAMIENTO, and
PROGRAMA AGUA PARA TODOS (PAPT) (successor
by integration to PROGRAMA DE APOYO A LA
REFORMA DEL SECTOR SANEAMIENTO (PARSSA),
formerly known as PROYECTO ESPECIAL
PROGRAMA NACIONAL DE AGUA POTABLE Y
ALCANTARILLADO (PRONAP)),

                         Defendants.
------------------------------------------------------------------------ X

No. 08-CV-0492(WHP)

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

## INTRODUCTION

Defendants the Republic of Peru, Ministerio de Vivienda, Construccion y Saneamiento and Programa Agua Para Todos (collectively, "Defendants") have moved for an Order directing that Plaintiff Figueiredo Ferraz Consultoria E Engenharia De Projecto Ltda. ("Plaintiff") shall pay the amount of $1,151,312.10 to the Defendants, in order to reimburse the Defendants for their reasonable attorneys' fees and costs incurred in connection with this proceeding.

Plaintiff has filed an opposition to this motion, arguing that under the Federal Arbitration Act ("FAA") attorneys' fees are not available to the prevailing party, that the subject Agreement did not provide for attorneys' fees, and that the contractual relationship between the parties ended and thus the agreement no longer controls the relationship between the parties but that, instead, the relationship is controlled by the subject arbitration award. Plaintiff's opposition completely misses the point, and also ignores the judicial admissions that the Plaintiff has made in its complaint. Plaintiff cannot now ignore those judicial admissions and argue the opposite.

Plaintiff ignores the fact that the Plaintiff, itself, alleged in the Complaint that it was entitled to recover attorneys' fees in this proceeding. In the prayer of the Complaint, the Plaintiff specifically alleged:

[P]laintiff respectfully demands judgment ... (d) awarding its attorneys' fee..."

Complaint (Docket No. 1) at page 9. This is a binding judicial admission that attorneys' fees are available in this proceeding. The Second Circuit has held that allegations in a complaint are binding judicial admissions that bind a party throughout the course of the proceedings. On this ground alone, attorneys' fees should be awarded to the Defendants.

Plaintiff's opposition also basically ignores the holding in APL Co. Pte. Ltd. v. UK Aerosols Ltd., 582 F.3d 947 (9th Cir. 2009). That case held that if foreign law governs the parties' relationship, then the U.S. court should look to foreign law to determine whether it is

-1-

available, despite the fact that the case was brought in the United States. There, the court held that Singapore law governed the relationship between the parties, that Singapore follows the British rule that attorneys' fees are recovered by the prevailing party, and thus that attorneys" fees should have been awarded to the prevailing party in that case, although the subject agreement did not specifically provide for attorneys' fees. The APL decision offers an alternative ground to award attorneys' fees herein.

Plaintiff's Complaint (at ¶ 10) alleged that "disputes" under the Agreement "are governed by Peruvian law." This is also a judicial admission that binds Plaintiff throughout this proceeding. Plaintiff's opposition tries to qualify its prior allegation, but Plaintiff cannot do so because it is bound by its admission. Under Peruvian law (as shown in the declaration filed by Defendants) the prevailing party is entitled to an award of attorneys' fees, and Peruvian law makes no distinction between actions dismissed on the merits or procedural grounds. Under Peruvian law, attorneys' fees are recoverable even where actions are dismissed on procedural grounds, as indicated in the declaration. Plaintiff has not submitted any Peruvian law expert declaration to the contrary. Thus, whether attorneys' fees are available under the FAA is irrelevant, because Defendants seek an award of attorneys' fees under Peruvian law per APL.

Plaintiff's argument that a judgment extinguishes a contractual arrangement also is misplaced because there was never a judgment confirming the arbitration award. In any event, the Plaintiff's admission that all "disputes" related to the Agreement are governed by Peruvian law is broad enough to include this proceeding, which was disputed.

In sum, this Court should not yield to the Plaintiff's attempt to ignore its own request for attorneys' fees simply because the Plaintiff came out on the losing side of this proceeding.

Plaintiff also does not dispute the amount of attorneys' fees requested by the Defendants.

## DISCUSSION

Defendants are entitled to an award of attorneys' fees as requested.

A. <u>Plaintiff Has Judicially Admitted That Attorneys' Fees Are Recoverable</u>.

As cited in the moving papers, the Second Circuit has instructed that allegations in a complaint are judicial admissions that bind a party "throughout the course of the proceeding." <u>Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP</u>, 322 F.3d 147, 167 (2nd Cir. 2003). This is consistent with the accepted view that "[a]llegations in a complaint are considered judicial admissions." See e.g., <u>Cortez-Pineda v. Holder</u>, 610 F.3d 1118, 1122 (9th Cir. 2010). Plaintiff's opposition totally fails to address this point, which is dispositive of this motion and prevents the Plaintiff from now taking a position that is contrary to its prior judicial admissions in its Complaint.

Plaintiff's opposition attempts to advance various arguments as to why attorneys' fees are not recoverable in this proceeding. However, the Plaintiff's opposition conflicts with the Plaintiff's own, prior judicial admissions in its Complaint. As noted in the Introduction, <u>supra</u>, in the prayer of the Complaint, the Plaintiff specifically alleged:

[P]laintiff respectfully demands judgment ... (d) awarding its attorneys' fee..."

Complaint (Docket No. 1) at page 9. This is a binding judicial admission that attorneys' fees <u>are</u> available in this proceeding. As the Second Circuit has held, that judicial admission binds the Plaintiff "throughout the course of the proceedings." On this ground alone, attorneys' fees should be awarded to the Defendants.

It would be contrary to established precedent in this Circuit, and indeed contrary also to the widely-accepted view of the effect of judicial admissions on a pleader, no to award attorneys' fees in this proceeding to the Defendants. As a matter of judicial policy, the Plaintiff also should not be permitted to play fast and loose with its allegations, and take contrary positions.

-3-

B.       Defendants Also Are Entitled To Attorneys' Fees Under Peruvian Law.

In the alternative, the Defendants also are entitled to an award of attorneys' fees under Peruvian law. The Ninth Circuit's recent decision in APL Co. Pte. Ltd. v. UK Aerosols Ltd., 582 F.3d 947 (9th Cir. 2009), is directly on point, but is basically ignored by Plaintiff's opposition.

As indicated in the moving papers, in APL, a carrier sued a shipper and others pursuant to a bill of lading for expenses incurred in assessing, cleaning up, removing and disposing of a shipment. The district court granted summary judgment in favor of plaintiff APL, but denied its motion for attorneys' fees. The Ninth Circuit reversed the district court, holding that APL was entitled to recover its attorneys' fees under the law governing the parties' relationship, which was Singapore law. It is worth reviewing this decision again in some detail.

The district court had denied the motion for attorneys' fees, holding that the case was on brought in admiralty, and that U.S. admiralty law "generally does not permit the prevailing party in an admiralty case to recover attorneys' fees." APL, 582 F.3d at 956-957. That reasoning is similar to the Plaintiff's argument here that attorneys' fees should not be award because the Federal Arbitration Act does not provide for the award of attorneys' fees to the prevailing party.

Nonetheless, because Singapore law generally governed the contractual relationship among the parties, and there was no prohibition of an award of attorneys' fees in the bill of lading, the Ninth Circuit held that Singapore law also would govern the issue of whether the plaintiff was entitled to recover attorneys' fees in that admiralty action. APL, 582 F.3d at 957.

"Singapore law provides that, under certain circumstances, the common law of England is in force in Singapore. Application of English law Act § 3(1) (Sing.). Under the English rule, attorneys' fees are generally awarded to the prevailing party. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)."

APL, 582 F.3d at 957. Accordingly, the Ninth Circuit then concluded that the "district court erroneously substituted the general American rule in admiralty cases." Id.

The Ninth Circuit in APL explained that:

"The parties in this case selected Singapore law to govern issues not otherwise covered in the bill of lading. The district court erred in substituting federal law to govern all provisions of the bill of lading merely because COGSA is federal law."

APL, 582 F.3d at 957. Similarly, here it would be error to substitute the general American rule simply because this is a FAA proceeding, given that the parties' agreement, and all disputes related thereto, are governed by Peruvian law.

It is also noteworthy that n APL the subject contract did not provide explicitly for attorneys' fees, and that point was noted by the Ninth Circuit as cited above, but because Singapore law governed the relationship of the parties and awarded attorneys' fees to the prevailing party, the Ninth Circuit reversed the district court holding that the motion for attorneys ' fees should have been granted.

The Ninth Circuit is not alone in that view. For example, in Van Muchin & Co. v. M/V Star Mindanao, 1986 WL 6303 (E.D.Pa. 1986), the district court held that the subject contract "was adjudicated under English substantive law pursuant to the agreement of the parties" and, thus, the federal court "may deem the agreement to include application of the foreign law regarding award of attorney's fees." Id. at * 3 (emphasis added). Therefore, as in APL, even if the subject agreement does not have an attorneys' fees provision, where the agreement is governed by foreign law, foreign law also governs whether attorneys' fees are available to the prevailing party because "liability for fees is ordinarily considered substantive." Id.; accord, In re Sause Brothers Ocean Towing, 801 F.Supp. 378, 381 (D.Or. 1991) (holding that attorneys'

fees could be recovered under Canadian law if Canadian law was found to be the applicable law in the dispute); <u>RLS Assocs., LLC v. United Bank of Kuwait PLC</u>, 464 F. Supp. 2d 206, 220 (S.D.N.Y. 2006) (holding that English rule on attorney's fees applied to dispute over contract governed by English law).

In this regard, it also must be noted that the subject Agreement was entered into in Peru and subject to Peruvian law. If Peruvian law provides for the award of attorneys' fees to the prevailing, there would be no reason to include an American-style attorneys' fees clause.

In the case at bar, as a result also of the Plaintiff's judicial admission, it is judicially <u>undisputed</u> that the parties' contractual relationship and this dispute are governed by Peruvian law and, therefore, Peruvian law governs this motion for attorneys' fees and costs as well under <u>APL</u>. As noted above, in the Complaint herein, the Plaintiff has specifically admitted that:

> "Section One [of the parties' consulting agreement] provided that <u>disputes</u> thereunder <u>were governed by Peruvian law</u>."

Complaint (Docket No. 1) at ¶ 10 (emphasis added).

In its opposition, the Plaintiff now tries to distance itself from its own admission by attempting to qualify and limit it prior admission by arguing that no all aspects of Peruvian law apply, but the Plaintiff's judicial admission that Peruvian law "governs" the "disputes" under the subject Agreement is broad enough to include this proceeding, which was disputed and related to the Agreement.

The conclusion that Peruvian law applies also is consistent with the approach of the Plaintiff and Defendants throughout these proceedings, which has been to recognize that their contractual relationship is governed by Peruvian law, as cited in pages 5-7 of the Defendants' memorandum in support of this motion.

Plaintiff then argues that attorneys' fees should not be available to the Defendants because they are not a prevailing party. Plaintiff cites the Second Circuit's decision in Dattner v. Conagra Foods, Inc., 458 F.3d 98 (2d Cir. 2006), but that decision does not help them. There, an Israeli plaintiff sued several U.S.-based defendants for damages incurred as a result of a French criminal prosecution in which plaintiff was acquitted. Id. at 99. After the case was dismissed on *forum non conveniens* grounds, defendants' motion to recover costs under Fed. R. Civ. P. 54(d), which had been granted in the district court, was denied on appeal. Id. at 99-100. However, the Dattner court's analysis was limited to the scope of the term "prevailing party" under that rule, and the plaintiff there did not argue that he was entitled to litigation costs under any foreign law. Id. at 101 ("[w]e conclude that a defendant who successfully obtains a *forum non conveniens* dismissal is not a 'prevailing party' within the meaning of Rule 54(d).") Accordingly, Dattner has no application where, as here, a foreign law governs the award of attorney's fees.

Further, together with this motion, the Defendants submitted the Declaration of Dr. Katty Aquize ("Aquize Declaration"), Public Solicitor General (Procuradora Publica) of the Ministerio de Vivienda, Construccion y Saneamiento (the Ministry sued by Plaintiff), a Peruvian attorney. Dr. Aquize confirms that Peruvian statutes address the issue whether the prevailing party (parte vencedora) is entitled to reimbursement of attorneys' fees, and that attorney's fees are included in the costs of process to which a prevailing party is entitled to recover under Peruvian law.

> With respect to the payment of attorney's fees, the Civil Procedural Code of the Republic of Peru establishes in the first paragraph of article 441 that the prevailing party's attorney's fees are included in the prevailing party's costs of a judicial proceeding.

Aquize Declaration at ¶ 3 (see also attached copy of article 411).

Dr. Aquize notes that, under Peruvian law, the prevailing party is entitled to recover its attorneys' fees from the other party in an action.

> Further, Article 412 of the same Code indicates that the prevailing party need not bring an action for reimbursement of attorney's fees as reimbursement is the liability of the loosing [sic] party, except in the case of an express and justified judicial declaration of exoneration.

Aquize Declaration at ¶ 4 (see also attached copy of article 412).

Dr. Aquize further indicates that Peruvian law makes no distinction with respect to whether the party requesting attorneys' fees prevailed in the action based on an adjudication on the merits, or prevailed based on procedural grounds without an adjudication on the merits.

> As can be observed, the Civil Procedural Code of the Republic of Peru does not make any distinction with respect to whether the judicial proceeding was won based on an adjudication of the merits, or based on a procedural ground without an adjudication on the merits.

Aquize Declaration at ¶ 5.

Dr. Aquize also brought to this Court's attention the Peruvian Supreme Court's decision in Cassation (the term used for proceedings before the Peruvian Supreme Court) case no. 3322-00-CALLAO, which held that the right to attorneys' fees is not dependent on whether the judgment is based on the merits or was entered based on procedural reasons that require the termination of the judicial process.

> In particular, we can mention the resolution of the Supreme Court of the Republic of Peru, in Appeal No. 3322-00-CALLAO, that declared, "...the payment of attorney's fees and costs in a judicial process is a collateral issue that is not dependent on the merits of the action or the reasons why the judicial proceeding was concluded ..."

Aquize Declaration at ¶ 6.

Therefore, it is clear that under Peruvian law the prevailing party is entitled to recover its attorneys' fees regardless of whether the action was dismissed on the merits or on procedural grounds. Plaintiff has not submitted any Peruvian law expert declaration to the contrary.

Accordingly, the fact that the instant action was dismissed on *forum non conveniens* grounds is no impediment to the award of attorneys' fees and costs under Peruvian law.

Finally, Plaintiff's argument that a judgment extinguishes a contractual arrangement also is misplaced because there was never a judgment confirming the arbitration award in this proceeding. Moreover, the Plaintiff has cited to nothing in Peruvian law that would so hold. Similarly, Plaintiff argues that because the Peruvian rule on attorneys' fees is found in the Peruvian Code of Civil Procedure, it is not a substantive law. However, this is again simply a naked assertion of the Plaintiff's counsel, and no expert declaration has been presented for the proposition that simply because it is found in that Code, it is not a substantive provision of Peruvian law. Rather, this Court has before it only the Peruvian law declaration submitted by the Defendants, and it clearly indicates that Peruvian law would require the award of attorneys' fees because the Defendants prevailed in this action. Plaintiff's judicial admission that "Peruvian law" governs all disputes related to the Agreement also made no such distinction. Defendants are the prevailing party because this action has been dismissed. That the Court of Appeals so fit also to impose some restrictions on the dismissal (as is common in actions dismissed on *forum non conveniens* grounds does not change the fact that the action was dismissed and, therefore, the Defendants prevailed. As explained by Dr. Aquize, since Peruvian law makes no distinction whether an action is dismissed on the merits or on procedural grounds with respect to the application of the Peruvian attorneys' fees rule, it further confirms that the Defendant prevailed.

C.     <u>Defendants Also Are Entitled To The Full Amount of Attorneys' Fees Requested</u>.

Defendants have submitted the declaration of its counsel which substantiates the amount of attorneys' fees requested in this motion, and includes the back-up documentation (attorneys' fees statements). Plaintiff's opposition does not dispute the amount or reasonableness of the amount requested. Thus, the Court should order Plaintiff to pay to the Defendants the amount of $1,151,312.10 in attorneys' fees and costs incurred in this proceeding.

## CONCLUSION

If Plaintiff had prevailed in this action, it no doubt would have sought to recover its attorneys' fees because it prayed for the same in its Complaint. The Second Circuit has noted the significance of judicial admissions, and that judicial admission bind a party throughout the proceedings. This is an important rule that safeguards the integrity of the judicial process.

Plaintiff has judicially admitted in its Complaint that attorneys' fees are recoverable and that Peruvian law applies. Under Peruvian law, the Defendants are entitled to recover their attorneys' fees as the prevailing party in this action.

Accordingly, the Court should order Plaintiff to pay to the Defendants the amount of $1,151,312.10, in order to reimburse the Defendants for their reasonable attorneys' fees and costs incurred in this action.

Respectfully submitted,

Dated: New York, New York
March 27, 2012

DORSEY & WHITNEY LLP

By: *[signature]*
Juan C. Basombrio (Admitted *Pro Hac Vice*)
Mark S. Sullivan (MS 5242)

600 Anton Boulevard
Costa Mesa, California 92626
(714) 800-1400

250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Defendants