UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
:
FIGUEIREDO FERRAZ CONSULTORIA :
E ENGENHARIA DE PROJETO LTDA., :
:
          Plaintiff,   :   08 Civ. 492 (WHP)
:
        -against-   :   MEMORANDUM & ORDER
:
THE REPUBLIC OF PERU et al., :
:
         Defendants. :
:
----------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Figueiredo Ferraz Consultoria E Engenharia de Projeto Ltda. ("Figueiredo") petitioned this Court to confirm an arbitration award against the Republic of Peru (the "Republic"); the Ministerio de Vivienda, Construccion y Saneamiento (the Ministry of Housing, Construction and Sanitation of the Republic (the "Ministry")); and the Programa Agua Para Todos ("PAPT," collectively, with the Republic and the Ministry, "Defendants"). Pursuant to the Court of Appeals' January 30, 2012 mandate, this Court dismissed this action on the grounds of forum non conveniens. Defendants now move for attorneys' fees and costs. For the following reasons, Defendants' motion is denied.

## BACKGROUND

        This Court's Memorandum and Order dated September 8, 2009 ("September 2009 Order") sets forth the facts underlying this action. See Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru, 655 F. Supp. 2d 361, 366-67 (S.D.N.Y. 2009). To summarize briefly, Figueiredo brought this action to confirm a 2005 arbitration award in its favor for over

$21 million. See Figueiredo Ferraz E Engenharia de Projeto Ltda., 655 F. Supp. 2d at 366. As of the September 2009 Order, it had received only $1.4 million towards the arbitration award. See Figueiredo Ferraz E Engenharia de Projeto Ltda., 655 F. Supp. 2d at 366. In March 2009, Defendants moved to dismiss this action. (ECF No. 16.) In the September 2009 Order, this Court, inter alia, declined to dismiss this action on forum non conveniens grounds. See Figueiredo Ferraz E Engenharia de Projeto Ltda., 655 F. Supp. 2d at 374-75. By Memorandum and Order dated December 15, 2009, this Court granted Defendants' motion to certify an interlocutory appeal of the September 2009 Order. (ECF. No. 46.) On December 14, 2011, the Second Circuit reversed and directed this Court to dismiss the petition. Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru, 665 F.3d 384, 393 (2d Cir. 2011).

Pursuant to that directive, entered as a mandate on January 30, 2012, this Court dismissed the action on February 3, 2012. (ECF No. 64.) It is worth noting that in their motion to dismiss, Defendants asserted seven independent grounds why this Court should not or could not preside over this action. Specifically, Defendants urged, inter alia, forum non conveniens dismissal, deference to the parties' forum selection clause specifying Peru, lack of personal jurisdiction, and comity. In other words, Defendants advanced every conceivable argument that the Southern District of New York was not an appropriate forum. And while they failed to persuade this Court, they managed to convince two Second Circuit judges, over the vigorous dissent of a third, that this action should be dismissed. However, in an about face, after this Court dismissed the action, Defendants developed an appetite for litigation in this district. Astonishingly, they now move for $1,151,312.10 in attorneys' fees and costs. (ECF No. 65.)

## DISCUSSION

I. <u>Applicable Law</u>

The parties' main dispute focuses on whether this Court must apply Peruvian law in resolving this motion. Defendants argue that Peruvian law applies because it governs their contractual relationship with Figueiredo. (Compl. Ex. H: Consulting Agreement ("Agreement"), at 2-3.) But Defendants' argument ignores the plain fact that Figueiredo asserts no claims under the Agreement. Rather, Figueiredo sought an order confirming an arbitration award ("the Award") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 <u>et seq.</u> ("FAA"). Accordingly, this Court must look to federal law in deciding the motion. <u>See</u> <u>Budejovick Budva, N.P. v. Czech Beer Imps., Inc.</u>, No. 05 Civ. 1246 (JBA), 2006 WL 1980308, at *7 (D. Conn. July 12, 2006) (applying federal law in determining whether to award attorneys' fees even though Czech law applied to underlying contract). Indeed, once the arbitrator reduced Figueiredo's claim to a judgment—the Award—"the original claim is extinguished and merged into the judgment; and a new claim, called a judgment debt, arises." <u>Kotsopoulos v. Asturia Shipping Co.</u>, 467 F.2d 91, 95 (2d Cir. 1972); <u>see also</u> <u>In re A & P Diversified Tech. Realty, Inc.</u>, 467 F.3d 337, 343 (3d Cir. 2006).

Tellingly, Defendants cite no FAA cases where the law governing the parties' contractual relationship dictated whether attorneys' fees were available. And the cases Defendants do cite are inapposite. <u>See</u> <u>APL Co. Pte. Ltd. v. UK Aerosols Ltd.</u>, 582 F.3d 947, 957 (9th Cir. 2009) (applying Singapore law in breach of contract suit); <u>RLS Assocs., LLC v. United Bank of Kuwait, PLC</u>, 464 F. Supp. 2d 206, 220 (S.D.N.Y. 2006) (applying English law in breach of contract action); <u>In re Sause Bros. Ocean Towing</u>, 801 F. Supp. 378, 381 (D. Or.

1991) (denying motion to strike attorneys' fees demand in admiralty case to limit liability); Van Munchin & Co. v. M/V Star Mindanao, Civ. A. No. 82–1092, 1986 WL 6303, at *2-3 (E.D. Pa. June 4,1986) (applying foreign law in admiralty case for damages to cargo). That Peruvian law applied in the arbitration is irrelevant to the issue of attorneys' fees in this now-aborted action to enforce an arbitration award.

Defendants also contend that because Figueiredo demanded attorneys' fees in its complaint that it conceded that attorneys' fees were available to Defendants. This Court declines to consider this argument because Defendants raised it for the first time in their reply brief. See Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999); see also Kowalski v. Yellow Pages.com LLC, No. 10 Civ. 7318 (PGG), 2012 WL 1097350, at *10 (S.D.N.Y. Mar. 31, 2012) ("Arguments made for the first time in a reply brief need not be considered by a court . . . .").

II. Availability of Attorneys' Fees

In the United States, "[t]he general rule is that litigants should pay their respective legal fees, regardless of the outcome of the lawsuit." Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1158 (2d Cir. 1994). A party cannot recover attorneys' fees "[u]nless authorized by specific statutory or contractual provisions." Cruz, 34 F.3d at 1158. "The FAA does not provide for an award of attorneys' fees." In re Arbitration Before N.Y. Stock Exch., No. 04 Civ. 488 (RWS), 2004 WL 2072460, at *14 (S.D.N.Y. Sept. 8, 2004); see also Wasserman Media Grp., LLC v. Bender, No. 10 Civ. 8783 (SAS), 2011 WL 1886460, at *2 (S.D.N.Y. May 16, 2011). Nor does the Agreement provide for attorneys' fees. Accordingly, there is no basis for awarding Defendants' attorneys' fees, and their motion is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees is denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 65.

Dated: June 6, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Thomas Joseph Hall, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
*Counsel for Plaintiff*

Juan C. Basombrio, Esq.
Dorsey & Whitney LLP
38 Technology Drive
Irvine, CA 92618
*Counsel for Defendants*